Victor J. POLICH and Paul Warfel, Individually and as Representatives of all others Similarly Situated, Plaintiffs,

v.

BURLINGTON NORTHERN, INC., and Burlington Northern Railroad Company, Delaware corporations, Defendants.

No. CV–86–44–BU–WDM.

United States District Court,
D. Montana,
Butte Division.

May 21, 1987.

Alexander Blewett, III, Great Falls, Mont., for plaintiffs.

Randy J. Cox, Missoula, Mont., for defendants.

## MEMORANDUM and ORDER

WILLIAM D. MURRAY, Senior District Judge.

Plaintiffs Victor J. Polich and Paul Warfel proceed against defendant Burlington Northern Railroad on theories grounded in common law fraud, fraudulent misrepresentation and promissory estoppel. The complaint is filed on behalf of the named plaintiffs, individually, and on behalf of "all others similarly situated." The named plaintiffs move for class certification under Fed.R.Civ.P. 23. Defendants oppose class certification. The pending motion has been briefed fully and is ripe for disposition.[1]

Jurisdiction vests in this court pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship.

## BACKGROUND

In March 1970, defendant Burlington Northern, Inc. was created as the result of a merger between several of the largest railroads in the United States, including the Northern Pacific, the Great Northern, and the Chicago, Burlington and Quincy. Prior to such merger, the Northern Pacific operated in Livingston, Montana. At all relevant times after the merger, Burlington Northern operated in Livingston, including the maintenance of certain locomotive and rail shops in that city.

There was some public opposition to the merger that resulted in creation of the Burlington Northern Railroad. Such opposition was communicated to the Interstate Commerce Commission, which was responsible for approving the merger.

The complaint filed herein alleges that Burlington Northern, in an effort to pacify opponents of the merger, promised that "the locomotive shops and related facilities in Livingston would never be closed." The complaint further alleges that Burlington Northern promised opponents of the merger, including railroad workers, that employment would increase as a direct result of the merger.

In 1981, the defendant railroad underwent a reorganization and became known as Burlington Northern Railroad Company.

---

1. Plaintiffs' counsel requests oral argument on the pending motion. Defense counsel opposes that request. The court determines, pursuant to Fed.R.Civ.P. 78 and Local Rule 220–4, that oral argument is not necessary in light of the exhaustive briefs already filed by the parties.

The complaint alleges that at the time of reorganization the defendant railroad again promised and assured its employees and the public at large that its Livingston shops "would never close."

In November 1985, Burlington Northern closed its Livingston locomotive and rail shops.

Plaintiffs Polich and Warfel are former employees of Burlington Northern. They seek to represent a class of former employees, of uncertain number, allegedly victimized by the wrongful conduct of the defendant railroad. According to the complaint, Burlington Northern tortiously and fraudulently misrepresented the truth and deliberately breached its promise to maintain the Livingston rail shops. The complaint alleges that as the result of Burlington Northern's wrongful conduct plaintiffs and "all others similarly situated" have suffered damages, including but not limited to loss of employment and job security, family separation, and emotional distress.

## APPLICABLE LAW

Class certification is governed by Fed.R. Civ.P. 23. The court's threshold inquiry is whether the putative class action satisfies the four prerequisites of Rule 23(a): numerosity, commonality, typicality and adequacy of representation. If the requirements of Rule 23(a) are met, the court must then find that one of the three subparagraphs of Rule 23(b)—here both the "predominance" and "superiority" requirements of Rule 23(b)(3)—is independently satisfied as well. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 163, 94 S.Ct. 2140, 2145, 40 L.Ed.2d 732 (1974). *See also Nguyen Da Yen v. Kissinger*, 70 F.R.D. 656, 661 (N.D.Cal.1976).

In determining whether the essential elements of a class action are present in the instant case, the court keeps in mind the burden of the parties seeking class certification to show that the requirements of Rule 23 are satisfied. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1308 (9th Cir.1977); *Albertson's, Inc. v. Amal-*

*gamated Sugar, Inc.*, 503 F.2d 459, 463 (10th Cir.1974). Failure to meet any one of the requirements of Rule 23 results in the denial of class certification. *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 673 (9th Cir.1975).

■ Finally, the determination of whether an action is suitable for class certification is committed to the discretion of the court. *Price v. Lucky Stores, Inc.*, 501 F.2d 1177, 1179 (9th Cir.1974).

## DISCUSSION

■ Before turning toward consideration of the specific requirements of Rule 23, the court must resolve two issues raised by defendants in opposition to class certification. First, in an earlier appearance before the court, defendants suggested that the motion for class certification is untimely. Under Rule 23(c)(1), the court is required to make its class certification ruling "as soon as practicable after the commencement" of an action. The instant suit was filed in March 1986. Under the circumstances, particularly with respect to plaintiffs' difficulties in obtaining responses to its discovery requests, the court finds that plaintiffs' motion for class certification was filed in a timely fashion.

■ Second, defendants argue that the motion for class certification must be denied because the complaint fails to allege that the claims of each unnamed member of the putative class satisfy the jurisdictional amount ($10,000). 28 U.S.C. § 1332. The complaint filed herein contains only a vague allegation of the jurisdictional amount. Specifically, paragraph 5 of the complaint states: "The amount in controversy, excluding interest and costs, exceeds the sum of $10,000 and, therefore, this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332." The complaint does not clearly allege that the claims of each named plaintiff exceed $10,000. Similarly, the complaint does not expressly allege that the claims of each member of the

putative class exceed $10,000.[2] These defects, however, are not fatal. Dismissal is inappropriate as the court would be inclined to grant plaintiffs leave to amend. Similarly, the court would not base denial of class certification on this ground but rather would allow amendment of the complaint.

■ The court now turns its attention toward Rule 23. The particular merits of plaintiffs' claims are not issues to be considered in ruling on class certification. *Eisen*, 417 U.S. at 177–78, 94 S.Ct. at 2152. However, the nature of plaintiffs' claims is directly relevant to a determination of whether the matters in controversy herein are primarily individual in character or are susceptible to proof in a class action. *See Nguyen Da Yen*, 70 F.R.D. at 660–61; *Abercrombie v. Lum's Inc.*, 345 F.Supp. 387, 390 (S.D.Fla.1972).

Prior to considering the specific criteria set forth in Rule 23(a), the court must find that a precisely defined class exists, *Roman v. ESB, Inc.*, 550 F.2d 1343, 1348 (4th Cir.1976), and also that the putative class representatives are members of the class. *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977). It is well settled that these requirements are implicit under Rule 23.

The complaint defines the class as follows:

> "[A]ll railroad employees of the defendants adversely affected by defendants' closure of the railroad shops and facilities at Livingston, Park County, Montana."

■ Defendants object to this definition of the class plaintiffs propose to represent as too broad and too vague. Reviewing the complaint as a whole and the record, however, the court determines that the proposed class has been sufficiently identified as those Burlington Northern employees who were discharged or transferred as a direct result of the November 1985 closure of the Livingston railroad shops. The named plaintiffs are members of that class.

■ Turning to the specific criteria set forth in Rule 23(a), plaintiffs first must show that "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Mere speculation as to satisfaction of the numerosity requirement is not sufficient. Rather, plaintiffs must present some evidence of, or reasonably estimate, the number of class members.

Plaintiffs allege that 285 employees were discharged outright or forced to transfer elsewhere as a result of the closure of the locomotive repair shops. Plaintiffs also allege that an uncertain number of Burlington Northern employees lost their jobs or were forced to relocate as a result of the closure of the railroad maintenance shops. As specific proof of numerosity, plaintiffs' counsel has submitted an affidavit stating that he has received unsolicited inquiries about legal representation from some 60 Burlington Northern employees and former employees affected by closure of the Livingston shops.

■ In the court's opinion, a class consisting of 60 potential members is sufficiently large enough to raise a presumption that joinder is impracticable. Plaintiffs' fulfillment of the numerosity requirement, however, is marginal at best in light of the court's analysis of the remaining Rule 23(a) requirements.

The second essential element of Rule 23(a) is that "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). Plaintiffs have not shown that the questions of fact in each affected employee's case are common to any other affected employee's case. Each affected employee brings a unique set of facts to this case. Some employees were discharged. Others were transferred. Some employees were

---

**2.** Each member of the class, named or unnamed, must satisfy the jurisdictional amount requirement. *Zahn v. International Paper Co.*, 414 U.S. 291, 294, 94 S.Ct. 505, 508, 38 L.Ed.2d 511 (1973). Claims cannot be aggregated to meet the jurisdictional amount. *Id.*, 414 U.S. at 300, 94 S.Ct. at 511.

separated from their families, while others were not. Some of the affected employees worked for the railroad in Livingston prior to the 1970 merger. Some employees began working for Burlington Northern after the 1970 merger but before the 1981 reorganization. Others did not commence employment with Burlington Northern until after the 1981 reorganization. The question of whether each affected employee was aware of any of the alleged promises by Burlington Northern to "keep the Livingston shops open" forever and the extent each affected employee relied on such representations are factual issues that must be resolved independently of every other case.

Similarly, each affected employee's case must be legally reviewed independently of the other cases. Reduced to its essence, plaintiffs' action sounds in fraud. Defendants' arguments regarding the individual nature of the proof of fraud cases is well taken. Taking just one element, the affected employee's consequent and proximate damage, for example, the court finds that a wide variance of proof necessarily would be present in the instant action. Separate adjudications would be required as to whether the railroad's conduct caused damage to each affected employee and as to the extent of such damage. In summary, a decision in the case of one affected employee would have no effect on a decision in another case.

The common questions of fact and law required by Rule 23(a)(2) are absent in this case. The apparent uniqueness of the claims of the affected employees also raises doubts as to whether the numerosity requirement of Rule 23(a)(1) is satisfied herein. While plaintiffs' counsel has stated that some 60 "similarly situated" persons have indicated they have claims against Burlington Northern, the court has not been presented with sufficient evidence or argument as to how the putative class members' claims are similar to those of the named plaintiffs.

Rule 23(a) also requires that "the claims ... of the representative parties are typical ... of the class." Fed.R.Civ.P. 23(a)(3). The rule does not require that the claims of the representatives be identical to those of the class members, but that they be typical. If all of the members of the class would benefit by the action brought by plaintiffs, the requirement of typicality has been satisfied. *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555 (2d Cir.1968), *aff'd in part,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

The factual variances identified above preclude this court from ruling that the typicality requirement has been met herein. While the affected employees all would proceed under the same theories of fraud and promissory estoppel, the success or failure of such class member's claims would depend on individual facts peculiar to his or her own situation. The class members would not necessarily benefit from any success enjoyed by plaintiffs Polich and Warfel with respect to their own individual claims and circumstances.

The fourth requirement set forth in Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). There are no apparent conflicts of interest between the putative representatives and the rest of the class. Moreover, the court notes that plaintiffs' counsel has ample experience and ability to adequately represent the class.

While the court considers plaintiffs' failure to meet the requirements of Rule 23(a)(1), (2) and (3) sufficient to warrant denial of the pending motion, it determines that plaintiffs also have failed to meet their burden under Rule 23(b).

Where plaintiffs satisfy the requirements of Rule 23(a), they then must show that the putative class action falls within one of the three categories set forth in Rule 23(b). In the instant case, plaintiffs contend that class certification is appropriate under Rule 23(b)(3).

Fed.R.Civ.P. 23(b)(3) permits a class action where "the court finds that the questions of law or fact common to the mem-

bers of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Both "predominance" and "superiority" are open to question herein. As noted above, a number of factual and legal issues peculiar to each individual affected employee must be resolved. Defendants' contention that each putative class member must prove fraud as to him or her, thereby preventing a finding of predominance, has considerable merit. While certain important questions would be common to the class as a whole (the falsity of Burlington Northern's representations and the materiality of such misrepresentations), each class member's claims ultimately depend upon individual circumstances. In such a situation, a class action is not warranted under Rule 23(b)(3). *See,* e.g., *Lidie v. State of California,* 478 F.2d 552, 555 (9th Cir.1973).

## ORDER

For these reasons, IT IS ORDERED that plaintiffs' motion for class certification under Fed.R.Civ.P. 23 is DENIED.

