54

R.W. BROOKS, Luther Moss, Jim Williams, Bob Castleberry, J. Russell, John D. Wheeler, D. Crispino, Marge Chenoweth, Joe Gunson, H.J. Kornprobst, and John G. Ermine, individually and as class representatives on behalf of all others similarly situated, Plaintiffs,

v.

SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, and American Telephone & Telegraph Company, Defendants.

No. 88–0136–CIV.

United States District Court, S.D. Florida.

Nov. 7, 1990.

George C. Bender, Bender, Bender, Chandler & Adair, Coral Gables, Fla., for plaintiffs.

Robert G. Beatty, Miami, Fla., Frank Semes, James H. Coil, III, Kilpatrick & Cody, Atlanta, Ga., for Southern Bell.

William Withrow, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., Herman J. Russomanno, Miami, Fla., for AT&T.

## MEMORANDUM OPINION AND ORDER DENYING CLASS CERTIFICATION

MORENO, District Judge.

This matter came before the Court upon Plaintiffs' Motion for Class Action Certification on all counts of the Amended Complaint. The parties have conducted extensive discovery limited to class certification issues and fully briefed and argued the issues before the United States Magistrate, who in turn filed a Report and Recommendation pursuant to 28 U.S.C. § 636. The defendants filed objections to the Magistrate's Report as well as a response to the plaintiffs' reply to such objections. This Court conducted a *de novo* review of the record and heard oral argument regarding the class certification issue. The Court denies the plaintiffs' Motion for Class Action Certification.

## BACKGROUND

This action was commenced on January 4, 1988, almost four years after the divestiture of American Telephone and Telegraph Company. Defendants, Southern Bell Telephone and Telegraph Company and AT & T, removed this action to the United States District Court for the Southern District of Florida on January 25, 1988. Plaintiffs Amended Class Action Complaint alleges that similar individual contracts exist between the defendants and each of the over 5000 prospective class members, and that such potential class members are also third-party beneficiaries of the 1984 Consent Decree which divested Southern Bell from AT & T.

Prior to the January 1, 1984, divestiture of Southern Bell from AT & T, Southern Bell provided telephone services in Florida, Georgia, North Carolina and South Carolina. Plaintiffs claim that each of the proposed class members are employees of Southern Bell who, prior to divestiture, earned thirty years or more of net credited service with Southern Bell and, continue working for Southern Bell or AT & T, or who retired after January 1, 1984.[1] Based on this service, plaintiffs received certain benefits from defendants, including free local and long distance telephone service, prior to the divestiture. On January 1, 1984, certain of the proposed class members were assigned as employees to Southern Bell, and others to AT & T. Plaintiffs assert that those employees who retired prior to January 1, 1984, continued to receive free telephone service while members

---

1. Nine of the putative class members became post-divestiture Southern Bell employees, two became post-divestiture AT & T employees. All of the putative representatives were Florida residents at the execution of their alleged contracts. Each of the plaintiffs lived and worked almost exclusively in the Miami, Florida area.

of the proposed class no longer received the full benefits (simplistically, those employees assigned to Southern Bell no longer received free long distance service, those employees assigned to AT & T no longer received free local service).

Plaintiffs move for certification of the class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) requires a showing by plaintiffs that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class. If the requirements of Rule 23(a) are satisfied, the Court must also find that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3). The Court finds that plaintiff cannot meet the criteria established by Rule 23.[2]

### DISCUSSION

It is well settled that the party seeking to maintain a class action has the burden of showing that all of the prerequisites to utilizing the class action procedure have been satisfied. *Nelson v. United States Steel Corp.*, 709 F.2d 675 (11th Cir. 1983). The Court cannot rely on conclusory allegations which parrot the provisions of Rule 23 to support certification. *Jones v. Diamond*, 519 F.2d 1090, 1098 (5th Cir. 1975). Instead, the Court must consider all of the facts and legal issues presented by the plaintiffs' claims. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). It is important to note that the particular merits of plaintiffs' claims are not issues to be considered in ruling on class certification. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 163, 94 S.Ct. 2140, 2145, 40 L.Ed.2d 732 (1974). However, the nature of plaintiffs' claims is directly relevant to a determination of whether the matters in controversy are primarily individual in character or are susceptible to proof in a class action. *See Abercrombie v. Lum's Inc.*, 345 F.Supp. 387, 390 (S.D.Fla.1972).

The gravamen of plaintiffs' argument is their assumption that each prospective class member has or had a valid contract with Southern Bell or AT & T that provided for the unconditional and unending payment of certain benefits. This assumption proves to be plaintiffs' downfall as each alleged contract is based on a unique set of facts which each prospective plaintiff must allege and prove. Defendants have denied that plaintiffs have contracts which obligate defendants to provide the benefits. These facts necessarily preclude plaintiffs from demonstrating that their claims are common to, and typical of, those claims of the prospective class members, or that the named plaintiffs adequately represent the class.

### A. Commonality

Plaintiffs allege that the commonality requirement is satisfied by simply stating that common issues of fact concerning the alleged breach of contract by the defendants appear to be common for all members of the class. Plaintiffs allegations are insufficient both legally and factually.

Legally, plaintiffs must look to the laws of no fewer than four states in order to determine the existence of each individual contract. Factually, the terms and condi-

---

**2.** The parties have sporadically referred to the Consent Decree as a basis for class certification under a third-party beneficiary theory. While the factual and legal arguments advanced have been presented in summary form, the Court finds that the Consent Decree does not provide a basis for class certification. It is undisputed that plaintiffs were not parties to the Consent Decree. Plaintiffs claim that they are entitled to enforce the decree as intended beneficiaries. Defendants dispute that plaintiffs were intended beneficiaries. The Court finds that plaintiffs may not enforce the decree either directly or in collateral proceedings as even intended beneficiaries who were not parties, cannot sue to enforce an antitrust consent decree. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975).

tions of each contract require specific, individualized proof. Defendants have denied, and plaintiffs have failed to offer any proof, that the defendants are contractually bound to continue providing the specified benefits to any plaintiff. Assuming that plaintiffs prove the existence of each individual contract under the appropriate state law, it is then necessary to determine the applicability of any legal defense which would bar the plaintiffs' claims, including certain individual defenses raised by defendants, including statutes of limitation, laches, waiver and course of dealing between the parties. It is not only conceivable, but probable, that this court will be required to hear evidence regarding the existence, terms, modifications and limitations of *each* alleged contract of the over 5,000 prospective class members.

In *Polich v. Burlington Northern, Inc.*, 116 F.R.D. 258 (D.Mont.1987), two named plaintiffs sought to represent a class of current and former railroad employees in an action stemming from the closing of a locomotive shop. Like the instant case, the basis of the class action was a breach of a promise, that the shop "would never close." *Id.* at 260. The *Polich* court determined that plaintiffs failed to satisfy the commonality requirement as individual questions of fact predominated over common ones. The court noted that the question of whether each affected employee was aware of the railroad's alleged promise and the extent each affected employee relied on such representation were factual issues that must be resolved independently of every other case. *Id.* at 262.

Here, each prospective class member's proof of the existence and terms of his contract, and any modifications thereto, will necessarily rest on different sources. The uncommonality of fact among the putative class members on this issue is exemplified by the uncommonality of fact among the named representatives. Plaintiffs Brooks, Castleberry, Crispino, Wheeler, Russell, and Gunson base their contracts on letters or forms received upon each

reaching 30 years of net credited service. Plaintiff Kornprobst bases his contract on a letter he read dated October, 1981. Plaintiff Chenoweth's contract is based on Southern Bell's "Executive Instructions", while plaintiffs Ermine, Williams and Moss base their contracts on certain oral representations or no representations at all.

Additionally, certain of the named class representatives allege oral representations at the time of entering into their alleged contracts and/or oral modifications of their written contracts. Even among the eleven class representatives there exists little commonality of fact. Clearly, there is even less commonality of fact among the proposed 5,000 plus class members.

The contracts, and class certification issues are similar to those issues found in *Coca–Cola Bottling Co. v. Coca–Cola Co.*, 95 F.R.D. 168 (D.Del.1982), in which class certification was denied. In *Coca–Cola*, the plaintiffs brought claims for breach of contract and as third-party beneficiaries under a consent judgment. The *Coca–Cola* court recognized that certain common issues existed but noted that the class was comprised of plaintiffs with individual contracts. The court concluded that the class action would require the review of individual facts and the application of differing state laws, generating a "myriad of contract issues." *Coca–Cola, supra*, 95 F.R.D. at 178. The court denied certification of a Rule 23(b)(3) class, finding "simply too many individual contract issues to be tried." *Id.*

Finally, as the Court has previously noted, the factual variances between the class members, when coupled with the at least four different states' laws applicable to the contract formation, limitations, modification, waiver and course of dealing issues,[3] create almost infinite legal issues among the potential class members. Plaintiffs' allegations that each class member has suffered similar or "common" damages cannot save plaintiffs' class certification. This court finds that plaintiffs have not satisfied

---

**3.** This is not an exhaustive list of meritorious defenses raised by defendants. Rather, it is merely illustrative of the complexity of legal issues inherent in the plaintiffs' case.

the commonality requirement of Fed.R. Civ.P. 23.

## B.  Typicality

■ To meet the typicality requirement, the named representatives must be able to establish the bulk of the elements of each class member's claims when they prove their own claims. *General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). If proof of the representatives' claims would not necessarily prove all the proposed class members' claims, the representatives' claims are not typical of the proposed members' claims. *Am/Comm Systems, Inc. v. American Tel. & Tel. Co.,* 101 F.R.D. 317, 321 (E.D.Pa.1984). Courts have repeatedly held representatives' claims to be atypical if they are grounded in factual situations differing from those of other class members. *See, e.g., Alexander v. Gino's, Inc.,* 621 F.2d 71 (3rd Cir.1980), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980). The *Falcon* court noted that the commonality and typicality requirements tend to merge because both help insure that the class action is economical and that the interests of other class members are fairly and adequately protected. *Falcon, supra,* 457 U.S. at 157, n. 13, 102 S.Ct. at 2370, n. 13.

■ In *Polich v. Burlington Northern, Inc.,* the court found that:

> The factual variances identified above preclude this court from ruling that the typicality requirement has been met herein. While the affected employees all would proceed under the same theories of fraud and promissory estoppel, the success or failure of such class member's claims would depend on individual facts peculiar to his or her own situation. The class members would not necessarily benefit from any success enjoyed by [the named] plaintiffs ... with respect to their own individual claims and circumstances.

*Polich v. Burlington Northern, Inc.,* 116 F.R.D. 258, 262 (D.Mont.1987). The factual

variances in each class member's claim in this case, the unique defenses available to defendants regarding particular class members, and the varying state laws that would apply to the claims of the members of the proposed class, make it impossible for the plaintiffs to have claims typical of the proposed class.

Plaintiffs mistakenly assume only two potential subclasses: post-divestiture Southern Bell employees and post-divestiture AT & T employees. It is uncontested that plaintiffs lived in at least four different states at the time of entering into their contracts; some plaintiffs have retired while others continue their employment; certain plaintiffs are union, others are management; and different plaintiffs worked for different defendants both before and after the divestiture. The named representatives however, all reside in Florida, and have all retired.

Plaintiffs have presented no proof or persuasive legal arguments showing that their claims would be overlapping with the prospective class claims, rather than degenerating into a series of mini-trials; a class suit here would not advance Rule 23's goal of judicial economy. *See Nelson v. United States Steel Corp.,* 709 F.2d 675 (11th Cir. 1983).

## C.  Adequacy of the Representative Parties [4]

■ The adequacy of representation requirement has two distinct components. Plaintiffs must demonstrate that they will vigorously prosecute the action, and provide both adequate financing and competent counsel. *See Susman v. Lincoln Am. Corp.,* 561 F.2d 86 (7th Cir.1977), *cert. denied,* 445 U.S. 942, 100 S.Ct. 1336, 63 L.Ed.2d 775 (1980). While this Court has been presented with substantial evidence regarding plaintiffs' less than diligent efforts in pursuing this litigation on their own behalf, let alone the behalf of the prospective class members, this court determines that plaintiffs do not meet the adequacy requirement of Rule 23 due to their inability to provide adequate financing to maintain this action.

**4.**  The Court acknowledges that federal labor law principles may be applicable, or even controlling. The Court makes its findings based on other grounds.

The financing requirement is particularly important in this action as Rule 23(c)(2) requires that all absent class members receive formal notice of their right to "opt out" of the class by a specific date. It is the named representatives' responsibility to share the expenses of providing notice to all absent class members. *Chmieleski v. City Products Corp.*, 71 F.R.D. 118 (W.D. Mo.1976). Each of the named plaintiffs has contributed $150 toward prosecuting this action. Most, if not all plaintiffs, balked at the prospect of expending additional funds. Clearly, substantial additional expenses will be incurred during the course of litigating this matter. The Court finds that plaintiffs are not prepared to provide adequate financial representation for the class.

*D. Numerosity, Predominance of Common Questions and Superiority of Class Action*

Because the Court finds that the plaintiffs cannot satisfy three of the four criteria delineated in Fed.R.Civ.P. 23(a), the Court makes no findings as to the remaining element of Rule 23, numerosity, or the findings mandated by Rule 23(b)(3). The Court notes that while none of the parties seriously contests that joinder of all potential plaintiffs is impracticable, the sheer size of the class also raises the possibility that the class will be unmanageable.

The Court finds that the facts and circumstances of this action make class certification improper. Plaintiffs' Motion for Class Action Certification is therefore DENIED.

DONE AND ORDERED.