Donald R. SANDLIN and Sandra Lynn Sandlin, formally known as Irma L. Sandlin and Irma L. Barnes, individually, as Trustees of a Trust dated July 31, 1991, and on behalf of all others similarly situated, Plaintiffs,

v.

SHAPIRO & FISHMAN, Gerald Shapiro, ITT Residential Capital Corp., and State Street Bank & Trust Company, Ryland Mortgage Company, and Ryland Mortgage Securities Corp., Defendants.

Bankruptcy No. 95–213–CIV–FTM–17D.

United States District Court,
M.D. Florida.
Fort Myers Division.

Sept. 30, 1996.

Thomas Stephen Heidkamp, Dryden & Heidkamp, Ft. Myers, FL, for plaintiffs.

Theodore C. Eastmoore, Martin Garcia, Matthews, Hutton & Eastmoore, P.A., Sarasota, FL, for Shapiro & Fishman, a partnership, aka Shapiro & Kreisman aka Shapiro & Meinhold aka Shapiro & Unterberg aka LOGS Group, Gerald Shapiro.

Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, ITT Residential Capital Corp. and State Street Bank & Trust Co.

Stanley Howard Eleff, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, FL, David J. Butler, Brownstein & Zeidman, P.C., Washington, DC, Tacie H. Yoon, Karen Y. Kerley, Swidler & Berlin, Washington, DC, for Ryland Mortgage Co., Ryland Mortgage Securities Corporation.

## ORDER DENYING MOTION FOR CLASS CERTIFICATION

KOVACHEVICH, District Judge.

This cause is before this Court on Plaintiffs' Amended Motion for Class Certification (Dkt. 78), Defendant ITT Residential's response (Dkt. 80), and Defendant Shapiro & Fishman's response (Dkt. 81). The Court also has for consideration Plaintiffs' Motion for Leave to File Additional Evidence (Dkt. 90), and the response.

### FACTS

Plaintiffs assert the following facts in support of their Amended Motion for Class Certification:

On or about August 26, 1988, Plaintiff, Sandra Sandlin (then known as Irma L. Barnes, now remarried) and her husband (former, now deceased) obtained a mortgage loan ("Sandlin mortgage") from City Federal Savings Bank. On or about June 3, 1991, the note and mortgage were assigned to State Street Bank by City Federal Savings Bank & Trust Company, the holder of record of Plaintiffs' mortgage as trustee for defendant Ryland Mortgage Securities Corp. Defendant ITT Residential is an authorized servicing agent of Ryland Mortgage Company, authorized to collect payments from and communicate with the Sandlin Mortgage. During 1992, Plaintiffs fell behind on their mortgage. Defendant Shapiro & Fishman was hired by ITT Residential to collect on the Sandlin note and mortgage.

On or about May 15, 1995, ITT Residential, through Shapiro & Fishman, sent a letter to Mr. Sandlin, which included a payoff figure for the Sandlin mortgage and also included a $60 payoff fee added to the balance of the loan. Plaintiffs were advised each future payoff statement would include a $50 charge for the service.

Plaintiffs allege five Counts in their Complaint:

(1) Defendant Shapiro & Fishman violated 15 U.S.C. § 1692g, §§ 1692e, e(2), and e(11), §§ 1692f and f(1) (Fair Debt Collection Practices Act) when charging each delinquent mortgage holder a payoff fee for providing payoff figures.

(2) Defendant ITT Residential violated RICO by "devising and implementing a scheme to defraud the borrowers whose mortgages it services by imposing unauthorized payoff fees." Plaintiffs allege that this constitutes a scheme or artifice to defraud within the meaning of the federal mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343.

(3) Defendant ITT Residential "engaged in unlawful business practices, in violation of California Business and Professional Code §§ 17200 and 17500, by imposing and collection unauthorized payoff fees."

(4) Defendant State Street Bank "breached the terms of its contract (note and mortgage) by imposing payoff fees."

(5) The debts owed by Plaintiffs and the classes defined for purposes of this Count are "consumer debts" as defined by Fla.Stats. § 559.55(1). Defendants Shapiro & Fishman and ITT Residential "violated Fla.Stats.

§ 559.72(9) by knowingly adding unauthorized charges for payoff fees to mortgage loans, where the notes and mortgages allowed prepayment without charge."

There are five proposed classes. Each class is indebted on, or holds property subject to, a mortgage loan written on the FNMA/FHLMC Uniform Instrument. Each party lived on the property at the time the loan was made or immediately thereafter.

(1) Count I class members were sent letters including a payoff statement by Defendant Shapiro & Fishman on or after a date one year prior to the filing of this action.

(2) Count II (RICO) (a) class members include those whose loan was serviced by ITT Residential. A payoff charge was imposed on or after a date four years prior to the filing of this action. Count II (RICO) (b) class members include those whose loan was serviced by RMC. A payoff charge was imposed on or after a date four years prior to the filing of this action.

(3) Count IV(a) class members include those whose loan was owned by State Street. A payoff charge was imposed during that time and on or after a date beginning six years prior to the filing of this action. Count IV(b) class members include those whose loan was owned by RMSC in full or part. A payoff charge was imposed on or after a date beginning six years prior to the filing of this action.

(4) Count V(a) class members include those whose loan was serviced by ITT Residential. A payoff charged was imposed on or after a date two years prior to the filing of this action. The property is in Florida. Count V(b) class members include those whose loan is or was master serviced by RMC on behalf of RMSC. A payoff charge was imposed on or after a date two years prior to the filing of this action. The property is in Florida. Count V(c) class members include those on whom a payoff charge was imposed on or after a date two years prior to the filing of this action. The property is in Florida. Count V(d) class members include those on whom a payoff charge was imposed on or after a date two years prior to the filing of this action. The property is in Florida.

## DISCUSSION

Plaintiffs bring this action pursuant to Fed.R.Civ.P. 23, and seek to have this cause certified as a class action. Rule 23(a) addresses the initial requirements that must be present in order for a judge to certify a class action.

Rule 23(a) provides:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) the are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class. Fed.R.Civ.P. 23(a).

"A party seeking class action certification must demonstrate, under a strict burden of proof, that all of the requirements of 23(a) are clearly met." *Rex v. Owens ex. rel. Oklahoma,* 585 F.2d 432, 435 (10th Cir.1978). *See Barlow v. Marion County Hospital District,* 88 F.R.D. 619, 623 (M.D.Fla.1980); *Holland v. Goodyear Tire and Rubber Co.,* 75 F.R.D. 743, 746 (N.D.Ohio 1975) (requiring "a clear showing by plaintiff that the provisions of Rule 23, Fed.R.Civ.P. have been fully complied with").

"Determination of the question whether a lawsuit may proceed as a class action is committed to the sound discretion of the district court." *In re Dennis Greenman Securities Litigation,* 829 F.2d 1539, 1543 (11th Cir.1987). In determining whether a class will be certified, the Court will not examine the merits of the case. Rather, the substantive allegations of the complaint should generally be taken as true. *In re Carbon Dioxide Antitrust Lit.,* 149 F.R.D. 229, 232 (M.D.Fla.1993).

## I. NUMEROSITY

In order to satisfy the numerosity requirement, the prospective class must be

"so numerous that joinder of the members is impracticable." Fed.R.Civ.P. 23(a)(1). However, "[i]mpracticable does not mean impossible." *Robidoux v. Celani,* 987 F.2d 931, 935 (2d Cir.1993). Although there is no specific number of class members necessary to evidence the impracticability of joinder, the Court should consider the geographical dispersion of the class members, judicial economy, and the ease of identifying the members of the class and their addresses. *Kreuzfeld A.G. v. Carnehammar,* 138 F.R.D. 594, 598–99 (S.D.Fla.1991).

■■■ The Court may "make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe & Foundry,* 696 F.2d 925, 930 (11th Cir.1983). It is not necessary that the precise number of class members be known. *Barlow v. Marion County Hospital District,* 88 F.R.D. 619, 625 (M.D.Fla.1980). "Plaintiffs must show some evidence of or reasonably estimate the number of class members." *Id.* Estimates as to the size of the proposed class are sufficient for a class action to proceed. *In re Alcoholic Beverages Litigation,* 95 F.R.D. 321 (E.D.N.Y.1982); *Lewis v. Gross,* 663 F.Supp. 1164 (E.D.N.Y.1986).

In the instant case, Plaintiffs assert that due to the fact "that standard form documents and standard practices were used by defendants with substantial transaction volumes gives rise to a reasonable inference that the number of class members exceeds the 10–40 requirement." *See Swiggett v. Watson,* 441 F.Supp. 254, 256 (D.Del.1977) (finding that the numerosity requirement was satisfied since printed forms were used). Plaintiffs also assert that "the court may make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe and Foundry,* 696 F.2d 925, 930 (11th Cir.1983).

Defendant ITT Residential argues that Plaintiffs have not satisfied the numerosity requirement because Plaintiffs do not address the "issue of impracticability of joinder, but merely rely on an assertion of large numbers of class members." Defendants rely on *Daigle v. Shell Oil Co.,* 133 F.R.D. 600, 603 (D.Colo.1990), in which class certification was denied because Plaintiffs failed to show impracticability of joinder, even though there were 78 persons alleged as part of the class.

Defendant Shapiro & Fishman further argue that under Rule 4.04 of the Local Rules of the Middle District of Florida, Plaintiffs must provide a detailed and accurate class definition. Defendant asserts that Plaintiffs' description of each class is overbroad, and includes those who may be a potential class whose notes are not similar to those of the Sandlins.

■■■ This Court agrees with Defendants. Plaintiffs have offered no proof or estimate of the proposed class size. Further, class members must have suffered actual injury to have standing to sue; Plaintiffs have not offered evidence as to actual number of class representatives who paid or were forced to pay the unauthorized payoff fees. Accordingly, this Court cannot ascertain whether the numerosity requirement has been satisfied. Additionally, Plaintiffs fail to abide by Local Rule 4.04(a) in making detailed allegations of fact. Although the Court can make a common sense assumption, Plaintiffs fail to allege specific facts which permit the Court to draw such inferences.

## II. COMMONALITY

The second criteria for class certification requires that there be a common question of law or fact. Fed.R.Civ.P. 23(a)(2).

■■■ Not all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members. *Armstead v. Pingree,* 629 F.Supp. 273, 279 (M.D.Fla.1986); *Pottinger v. City of Miami,* 720 F.Supp. 955, 958 (S.D.Fla.1989); *Baby Neal for and by Kanter v. Casey,* 43 F.3d 48, 56–57 (3d Cir.1994). "A sufficient nexus is established if the claim or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir.1984).

■■■ Plaintiffs argue that the common questions of law and fact are whether Defendants demanded, imposed or charged unau-

thorized fees; whether it is a violations of the mail fraud statutes and Rico to charge payoff fees under mortgages which did not authorize payoff fees and to use the mails in doing so; and whether it is a violation of the FDCPA to attempt to collect payoff fees on mortgages which did not authorize payoff fees (Dkt. 78).

In the instant case, all of the members of the proposed class could possibly have been faced with these issues as a result of having a charge for a payoff statement imposed upon them.

Defendant ITT Residential argues that the Sandlins are prevented from asserting common claims due to their lack of injury and lack of standing. Defendant asserts that the Sandlins suffered no injury as they did not pay the payoff fee, and were not asked to do so to reinstate their loan.

Defendant further argues that since Plaintiffs' class includes all those "imposed" a payoff fee, there would be a great factual differentiation between those who were in default, those who paid fees, those who did not, and those who would be involved in foreclosure activity.

This Court agrees with Plaintiffs on this issue. Plaintiffs' class action is based on the common question of whether unauthorized payoff fees were charged and imposed and whether those fees violated RICO and the FDCPA. This Court recognizes Defendant's argument in relation to individual questions relating to each member; however, since "one common issue can be sufficient to meet the commonality requirement of Rule 23, this Court finds that this element is fulfilled." *Powers v. Stuart–James Co. Inc.*, 707 F.Supp. 499 (M.D.Fla.1989).

### III. TYPICALITY

The Federal Rules require that the claims of the named plaintiff be typical of the claims of the class. Fed.R.Civ.P. 23(a)(3).

Plaintiffs argue that the class members all arise from the same course of conduct and identical events; all putative class members were charged a fee for payoff statements. Plaintiffs assert that the "typicality requirement may be satisfied even if there

are factual distinctions between the claims of the named plaintiffs and those of other class members." *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir.1983). Plaintiffs also assert that Mr. Sandlin qualifies as a member of the Count I class, because a demand was made upon him for unauthorized fees. Plaintiffs claim that "his actual liability for the underlying mortgage loan is irrelevant under the FDCPA or the FCCPA." (Dkt. 78). Plaintiffs argue that debtors are protected by the FDCPA regardless of the validity of the debt, citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992) and *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir.1985).

Defendants argue that the Sandlins lack injury and have no actual damages. Further, they argue the Sandlins did not pay the fee, nor were they ever required to pay the fee. Defendant ITT Residential further asserts that the Sandlins' "only interest in this case is for what would essentially be an advisory opinion about to the legality of the $60 payoff statement fee." (Docket No. 80) Defendant relies on *Ray Baillie Trash Hauling, Inc. v. Kleppe*, 477 F.2d 696, 701 (5th Cir.1973), *rhrng denied* 478 F.2d 1403 (5th Cir.1973), *cert. denied* 415 U.S. 914, 94 S.Ct. 1410, 39 L.Ed.2d 468 (1974) in asserting, "that a party who has no stake in the outcome of the controversy always lacks standing."

Defendant Shapiro & Fishman also contends that "neither Mr. nor Mrs. Sandlin are adequate representatives because they have not been injured in the same manner as all members of the prospective class." *citing Golden v. Local 55 of the International Association of Firefighters*, 633 F.2d 817, 824 (9th Cir.1980) Further, Defendant argues that Mr. Sandlin is an inadequate representative as he does not fit into Plaintiffs' own class requirement of having lived on the property at the time the loan was made or immediately thereafter (Dkt. 81).

This Court agrees with Defendants on this issue. Plaintiffs fail to differentiate between those members of the class who actually paid the imposed payoff fees, and those who did not. Therefore, this

Court cannot establish which members' claims are typical of Plaintiffs' claims. The Court further notes that "standing to sue is an essential threshold which must be crossed before any determination as to class representation under Rule 23 can be made." *Angel Music, Inc. v. ABC Sports, Inc.*, 112 F.R.D. 70, 73 (S.D.N.Y.1986). This Court agrees with Defendants that Plaintiffs have suffered no actual personal injury, and therefore lack standing to bring this action.

## IV. ADEQUACY OF REPRESENTATION

██ Federal Rule of Civil Procedure 23(a)(4) requires that the named plaintiff provide fair and adequate protection for the interests of the class. The adequacy of representation requirement is twofold: "Plaintiff must demonstrate that she will vigorously prosecute the action, and plaintiff must provide both adequate financing and competent counsel." *Brooks v. Southern Bell Telephone & Telegraph Co.*, 133 F.R.D. 54, 56 (S.D.Fla. 1990).

██ Plaintiffs assert that they are capable of serving as class representatives and have substantial interest in the litigation. Plaintiffs also assert that they have retained counsel experienced in similar class litigations. In addition, Plaintiffs claim that there is no conflict of interest and that they "are clearly aware of their obligations toward the class, and have faithfully carried them out to date." Plaintiffs' counsel is advancing costs of litigation.

Defendants argue that Plaintiffs' counsel, Daniel Edelman, is not qualified to serve as class counsel. Defendant Shapiro & Fishman argues that Edelman has been disqualified to serve as class counsel by other courts. Defendant's Memorandum in Opposition to Amended Motion for Class Certification (Dkt. 81) alleges that Judge Richard L. Curry, an Illinois Circuit Judge, previously disqualified Edelman from serving as a class counsel. Defendants include transcripts of a hearing before Judge Curry (Dkt. No. 84) in which he states, "I can think of no plague worse than to have a Court impose the like of Daniel Edelman and Lawrence Walner on absent and unsuspecting members of a class."

Defendant Shapiro & Fishman further asserts that Plaintiffs' "animus toward Defendants disqualify them as class representatives." (Dkt. 81). Defendants contend that Mrs. Sandlin's motive for seeking the class action is that she is "stuck in this loan" and "stuck at a house that I do not want to live in," and that the grievance is unrelated to this lawsuit (Dkt. 81).

The Court agrees with Defendants on this issue. It is Plaintiffs' responsibility to provide adequate financing, and Plaintiffs' reliance on counsel for this funding leaves great potential for conflict of interest. Further, this Court determines that, based on counsel's past record of behavior involving class action litigation, Plaintiffs are not able to adequately protect the interests of the class.

## CONCLUSION

Plaintiffs do not meet the requirements of Federal Rule 23 on the issues of numerosity, typicality, and adequacy of representation. Accordingly, it is

**ORDERED** that Plaintiffs' Amended Motion for Class Certification (Dkt. 78) is **denied.** The Motion for Leave to File Additional Evidence (Dkt. 90) is **denied.**