George **EHLERT** and Georgeanne Ehlert, as joint tenants, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Michael A. **SINGER**, John H. Kang, Lee A. Robbins, John P. Sessions, Frederick B. Karl, Jr., Raymond Kurzweil, Richard W. Mehrlich, Chris A. Piefer, Medical Manager Corporation, Donaldson, Lufkin & Jenrette Securities Corporation, Morgan Stanley & Co. Incorporated, Smith Barney Incorporated and Raymond James & Associates, Incorporated, Defendants.

No. 98–2168–Civ–T–17E.

United States District Court, M.D. Florida, Tampa Division.

April 19, 1999.

---

Mark C. Gardy, Jill S. Abrams, Abbey, Gardy & Squitieri, LLP, Curtis V. Trinko, Timothy J. MacFall, Neal A. DeYoung, Law Offices of Curtis V. Trinko, New York City, Jonathan L. Alpert, Chris A. Barker, Scott J. Flint, Alpert, Barker, & Rodems, P.A., Tampa, FL, for George & Georgeanne Ehlert.

Steven E.M. Hartz, Christopher S. Carver, Lawrence Silverman, Akerman, Senterfitt & Eidson, Miami, FL, for Michael A. Singer, John H. Kang, Lee A. Robins, John P. Sessions, Frederick B. Karl, Jr., Raymond Kurzweil, Richard W. Mehrlich and Chris A. Peifer.

Daniel F. Molony, Michael P. Winter, Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, for Medical Manager Corp., Donalson, Lufkin & Jebrette Securities Corp., Morgan Stanley & Co., Inc., Smith Barney, Inc. and Raymond James & Associates, Inc.

Mark C. Gardy, Jill S. Abrams, Abbey, Gardy & Squitieri, LLP, New York City, Chris A. Barker, Alpert, Barker & Calcutt, P.A., Tampa, FL, Timothy J. MacFall, Neal A. DeYoung, Curtis V. Trinko, Law Offices of Curtis V. Trinko, LLP, New York City, for Daryl W. Crawford.

*ORDER ON MOTION FOR APPOINT-MENT OF LEAD PLAINTIFFS AND APPROVAL OF PLAINTIFFS' SE-LECTION OF CO-LEAD COUNSEL AND LIAISON COUNSEL*

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Plaintiffs', GEORGE EHLERT AND GEORGEANNE EHLERT, Motion for Appointment of Lead Plaintiffs and Approval of Plaintiffs' Selection of Co–Lead Counsel and Liaison Counsel filed on December 21, 1998. (Docket Nos. 19 & 20). The Defendants, MICHAEL A. SINGER, *et al.* ("MMC"), filed responses to the motion on January 11, 1999 and January 12, 1999. (Docket Nos. 27 & 28). The motion is filed as required by the guidelines of Rule 23 of the Federal Rules of Civil Procedure and § 27 of the Securities Act of 1933 codified in 1995 within 15 U.S.C. 77z–1(a)(3)(B).

## STANDARD OF REVIEW

This motion is governed by the Securities Act of 1933 ("the Act"), 15 U.S.C. § 77z–1(a), and Fed.R.Civ.P. 23. The Act provides that in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure," 15 U.S.C. § 77z–1(a)(1), the Court shall appoint a lead plaintiff. § 77z–1(a)(3)(B)(i). The lead plaintiff shall be that member of the "plaintiff class the Court determines to be most capable of adequately representing the interests of the class members (the 'most adequate plaintiff')." *Id.* The Court shall consider any timely motion for appointment as lead plaintiff by any member of the purported class. *Id.*

The Act creates a rebuttable assumption where the most adequate plaintiff is the one who has satisfied three requirements. § 77z–1(a)(3)(B)(iii)(I). That a person: (1) "has either filed the complaint or made a motion in response to a notice," § 77z–1(a)(3)(B)(iii)(I)(aa); (2) "has the largest financial interest in the relief sought," § 77z–1(a)(3)(B)(iii)(I)(bb); (3) and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," § 77z–1(a)(3)(B)(iii)(I)(cc). Any member of the pur-

ported plaintiff class may rebut the presumption upon proof the proposed lead plaintiff "is subject to unique defenses," § 77z–1(a)(3)(B)(iii)(II)(bb), or "will not fairly and adequately protect the interests of the class," § 77z–1(a)(3)(B)(iii)(II)(aa). Discovery may be had on the issue only upon a showing of a reasonable basis for a finding the presumptive most adequate plaintiff cannot adequately represent the class. § 77z–1(a)(3)(B)(iv).

## BACKGROUND

The Plaintiffs filed a complaint and demand for jury trial on October 23, 1998. (Docket No. 1). On December 9, 1998, the Defendants filed motions for an extension of time. (Docket Nos. 3 & 4). This Court granted motions and extended the responses to the complaint until January 22, 1999, for the underwriter defendants, and January 28, 1999, for the remaining defendants. (Docket Nos. 23 & 24).

The Plaintiffs filed this motion for the appointment of lead plaintiff and lead counsel, on December 21, 1998. (Docket Nos. 19 & 20). The Defendants responded to the motion by neither taking a position nor opposing the plaintiffs' motion to appoint lead plaintiff and lead counsel. (Docket Nos. 27 & 28).

The complaint alleges the following:

1. Plaintiffs bring this security class action on behalf of themselves and all other similarly situated purchasers of the common stock of Medical Manager Corporation ("MMC"). (Docket No. 1, Paragraph 2).

2. The plaintiffs allege violations of the federal securities laws arising out of the Company's issuance of materially false and misleading statements concerning its business operations, including the development and sale of its principal product during the class period. (Docket No. 1, Paragraph 2).

3. MMC holds itself out to the market as a leading provider of computer management information systems to the healthcare industry. (Docket No. 1, Paragraph 3).

4. The Medical Manager system is primarily a suite of computer software

products that addresses the financial, administrative and other management requirements of a health professional's practice. (Docket No. 1, Paragraph 3).

5. Since 1994, MMC has been selling its software system known as "Version 8" of the Medical Manager System. (Docket No. 1, Paragraph 3).

6. In February of 1997, MMC became a public company through an initial public offering, with its common stock traded thereafter on the National Association of Securities Dealers Automated Quotation ("NASDAQ") National Market System. (Docket No. 1, Paragraph 4).

7. By means of a registration statement and prospectus dated April 23, 1998 ("Prospectus"), defendants conducted a secondary public offering of 2.5 million shares of MMC securities. (Docket No. 1, Paragraph 4).

8. The April 23, 1998 prospectus offered to sell an additional 1.5 million shares of its common stock to the public at a price of $30.00 per share ("Offering"). (Docket No. 1, Paragraph 4).

8. The Company's two founders, defendant Michael Singer, MMC's Chairman of the Board and Chief Executive Officer, and defendant Richard Mehrlich, an MMC director, each sold 500,000 shares of common stock in the Offering from which they received proceeds in excess of $28 million. (Docket No. 1, Paragraph 4).

9. The prospectus did not mention that the company intended to shorten the life span of MMC's Version 8 system (with technical support for this product being substantially curtailed). (Docket No. 1, Paragraph 5).

10. MMC did not disclose publicly that it intended to render this product known as "Version 9". (Docket No. 1, Paragraph 5).

11. In the prospectus, MMC's version 9 system was touted by the company as being "Year 2000 compliant", whereas its Version 8 system contains a software defect known as the "millennium bug" or "Year 2000 Problem". (Docket No. 1, Paragraph 5).

12. Without knowledge to investors, MMC intended to terminate support for its customers using the Version 8 product. (Docket No. 1, Paragraph 5).

13. On August 5, 1998 and confirmed by MMC on August 6, 1998, it was disclosed that a customer had initiated a legal action against the company based upon the company's failure to address the Year 2000 defect in Version 8. (Docket No. 1, Paragraph 6).

14. The plaintiffs allege that the disclosure of MMC's decision to reduce support for its widely sold Version 8 product resulted in a dramatic drop in the price of MMC's common stock. (Docket No. 1, Paragraph 6).

15. The common stock fell from $26.75 per share (the opening price on August 5) to $20.375 per share by the close of trading on August 5, 1998, causing damage to Class members. (Docket No. 1, Paragraph 6).

## *DISCUSSION*

The Private Securities Litigation Reform Act of 1995, Pub.L. No. 104–67, 109 Stat. 737 (1995) (codified as amended in scattered sections of 15 U.S.C.) ("Reform Act") enacted certain guidelines for determining lead plaintiff and class counsel in securities class actions. *Sherleigh Associates LLC v. Windmere–Durable Holdings, Inc.*, 184 F.R.D. 688 (S.D.Fla.1999). Specifically, the Reform Act establishes a presumption that the person or entity with the "the largest financial interest in the relief sought by the class" is the "most adequate plaintiff" for this purpose. 15 U.S.C. § 77z–1(a)(3)(B)(iii)(I). The court approved lead plaintiff may select a counsel to represent the class. See 15 U.S.C. § 77z–1(a)(3)(B)(v). Bottom line, the plaintiff with the most at stake is usually the one that is best able to negotiate and oversee counsel's actions. While it is clear that the determinations of lead plaintiff and lead counsel are separate questions, common sense suggests the issues be decided concurrently. *Fischler v. AmSouth Bancorporation*, 1997 WL 118429 (M.D.Fla.1997).

### A. Designation of Lead Plaintiff

Whether a named plaintiff will fairly and adequately represent the interests of

the class is a question of fact for the district court. *Fischler v. AmSouth Bancorporation,* 1997 WL 118429 (M.D.Fla.1997). *Plummer v. Chemical Bank,* 668 F.2d 654, 659 (2d Cir.1982), citing *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1124 (5th Cir.1969). Judges should have access to explore the facts sufficiently in order to make an intelligent determination of the matter. *Id.* The determination of fair and adequate representation rests on two bases: (1) common interests between a representative and the class and, (2) a willingness and ability to vigorously prosecute the action. *Fischler v. AmSouth Bancorporation,* 1997 WL 118429 (M.D.Fla.1997). *Gonzales v. Cassidy,* 474 F.2d 67, 72 (5th Cir.1973). Further, the named representatives must not possess interests antagonistic to those of the other class members. *Fischler v. AmSouth Bancorporation,* 1997 WL 118429 (M.D.Fla.1997). *Christiana Mortgage Corp. v. Del. Mortgage Bankers Association,* 136 F.R.D. 372, 380 (D.Del.1991). However, there need not be a complete absence of conflict. *Id.* at 72. Only conflict that is "serious and irreconcilable" will be fatal. *Id.* Most importantly, the purported representative "must demonstrate that she will vigorously prosecute the action by providing both adequate financing and competent counsel." *Sandlin v. Shapiro & Fishman,* 168 F.R.D. 662, 668 (M.D.Fla. 1996), quoting *Brooks v. Southern Bell Telephone & Telegraph Co.,* 133 F.R.D. 54, 56 (S.D.Fla.1990).

█ The Reform Act states:

The court shall adopt a presumption that the most adequate plaintiff in any private action arising under this subchapter is the person or persons that,

(aa) has either filed the complaint or made a motion in response to a notice under this subpart;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules Civil Procedure. 15 U.S.C. § 77z–1(a)(3)(B)(iii)(I).

The presumption may be rebutted by a showing that the selected plaintiff will "not fairly or adequately protect the interests of the class". Also, the existence of "unique defenses that render such plaintiff incapable of adequately representing the class" will invalidate the presumption. 15 U.S.C. § 77z–1(a)(3)(B)(iii)(II).

First according to the Reform Act, on October 23, 1998, the movants filed a complaint for this action. (Docket No. 1). 15 U.S.C. § 77z–1(a)(3)(B)(iii)(II)(aa). In the complaint, the movants alleged wrongdoing on behalf of the defendants, which compelled the movants to purchase 2000 shares of stock. (Docket No. 1). The plaintiffs purchased stock during the Class Period when prices were allegedly artificially inflated by false and misleading statements. (Docket No. 20). The movants investiture in the MMC stock collectively made them the largest financial interest in this action, as suggested in the Reform Act. 15 U.S.C. § 77z–1(a)(3)(B)(iii)(II)(bb). (Docket No. 20).

Finally, the characteristics of the claims meet the requirements as set forth in Rule 23 of the Federal Rules of Civil Procedure. As required, the rule states that the claims must be typical of the class and that the representative will fairly and adequately represent the interests of the class. The movants have satisfied the typically requirement by: (a) suffering the same injuries as the absent class members; (b) suffering damages as a result of the same course of conduct by defendants; and (c) maintaining that the claims are based on the same legal issues as the absent class members. (Docket No. 20). *Appleyard v. Wallace,* 754 F.2d 955, 958 (11th Cir.1985). As such, there is a well-defined community of interest in the questions of law and fact between the movants and other plaintiffs in this case.

**B. Designation of Lead Counsel**

█ The most adequate plaintiff should choose lead counsel, rather than the lawyers picking the plaintiffs. *Fischler v. AmSouth Bancorporation,* 1997 WL 118429 (M.D.Fla. 1997).

The defendants filed responses that neither consented to nor opposed the appointments of lead plaintiff and lead counsel.

(Docket Nos. 27 & 28). The movant selected lead counsel to be split between two law firms. (Docket Nos. 19 & 20). The law firms of Trinko and Abbey, Gardy were chosen to serve as Co–Lead Counsel and the firm of Alpert, Barker was chosen to serve as Liaison Counsel for the class.

### CONCLUSION

The plain language of the Reform Act dictates that only members of the plaintiff's class may offer evidence to rebut the presumption in favor of the most adequate plaintiff. 15 U.S.C. 77z–1(a)(3)(B)(iii)(II). However, the Court notes that the determination of lead plaintiff and lead counsel at this stage does not preclude revisiting the issue upon the consideration of a motion for class certification. *Fischler v. AmSouth Bancorporation,* 1997 WL 118429 (M.D.Fla.1997). Accordingly, it is

**ORDERED** that the Motion for Appointing Lead Plaintiff and Approval of Plaintiff's Selection of Co–Lead Counsel and Liaison Counsel (Docket Nos. 19 & 20) be **GRANTED.** The designated lead plaintiffs will be George Ehlert and Georgeanne Ehlert. They will be represented by the law firms of Trinko and Abbey, Gardy to serve as Co–Lead Counsel, and the firm of Alpert, Barker to serve as Liaison Counsel for the class.