Arthur SCHWARTZ, Robert A. Greco & Louann M. Greco, Plaintiffs,

v.

Lore HARP, Robert S. Harp, Carole B. Ely, Thomas F. Harincar, George Sebestyen, Barton J. Gordon, Robert F. Wickham, James A. Alexander, and Vector Graphic, Inc., Defendants.

No. CV 84-4235 PAR.

United States District Court, C.D. California.

May 31, 1985.

**280**

Kindel & Alexander, Manuel S. Klausner, James S. Russell, O'Melveny & Myers, Donald M. Wessling, Thomas M. McCoy, Michael H. Krimminger, Los Angeles, Cal., William F. Davis, Pacific Palisades, Cal., for defendants.

William S. Lerach, John E. Grasberger, Margaret G. Dobies, Milberg Weiss Bershad Specthrie & Lerach, San Diego, Cal., Leonard Barrack, Gerald J. Rodos, Kirk B. Hulett, Barrack, Rodos & Bacine, Philadelphia, Pa., Arthur N. Abbey, Abbey & Ellis, New York City, Donald M. Wessling, O'Melveny & Myers, Los Angeles, Cal., for plaintiffs.

## ORDER CERTIFYING CLASS

RYMER, District Judge.

This is a securities fraud action brought by three purchasers of Vector Graphics common stock: Arthur Schwartz, Robert

Greco, and LouAnn Greco. Plaintiffs allege that defendants violated Rule 10b–5 when they failed to disclose material adverse facts in their Prospectus and Registration Statement effective October 14, 1981 (Complaint, ¶¶ 25, 26, 35); in their Second Quarter Report issued February 17, 1982 (Complaint, ¶¶ 28, 35); and in their Third Quarter Report issued on or about May 12, 1982 (Complaint, ¶¶ 29, 35). Plaintiff Schwartz purchased 100 shares of Vector stock on November 2, 1981, and sold his shares on December 22, 1981. *See* complaint, ¶ 5(a); Schwartz Depo., pp. 8–9. The Grecos purchased 200 shares of Vector stock on October 14, 1981, and sold their stock on October 14, 1982. *See* Complaint, ¶ 5(b); Greco Depo., p. 14.

Currently before the Court is plaintiffs' motion for class certification. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiffs seek an order certifying that they may prosecute their action on behalf of a class composed of all persons who purchased Vector stock during the period October 14, 1981 to August 6, 1982 and were injured thereby. Having carefully considered the memoranda, declarations, and other exhibits submitted by the parties, as well as the arguments made by the parties at the hearing on plaintiffs' motion, the Court concludes that plaintiffs' certification motion should be granted.

## DISCUSSION

■ In making a class determination in a securities case, the requirements of Rule 23 should be liberally construed in recognition of the rule's policy in favor of class actions. *Blackie v. Barrack*, 524 F.2d 891, 903 (9th Cir.1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). This liberal policy is based upon the belief that class actions are particularly suited to serving as private policing weapons against corporate wrongdoing. *Ridings v. Canadian National Bank*, 94 F.R.D. 147 (N.D.Ill. 1982).

■ Despite this liberal policy favoring securities class actions, the burden is on the plaintiff to show compliance with Rule 23. *Hochschuler v. G.D. Searle &*

Co., 82 F.R.D. 339, 343 (N.D.Ill.1978). In making this determination, the court should not consider the merits of the underlying controversy, *Eisen v. Carlisle-Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974), and it is bound to take the substantive allegations of the complaint as true. *Blackie*, 524 F.2d at 901 n. 17. On the other hand, the court must have sufficient material before it can rule on compliance with the Rule's requirements:

"The Court is bound to take the substantive allegations of the complaint as true, thus necessarily making the class order speculative in the sense that the plaintiff may be altogether unable to prove his allegations. While the court may not put the plaintiff to preliminary proof of his claim, it does require sufficient information to form a reasonable judgment. Lacking that, the court may request the parties to supplement the pleadings with sufficient material to allow an informed judgment on each of the Rule's requirements."

*Id.*

Rule 23(a) has four separate requirements: 1) a sufficiently numerous class; 2) questions of law or fact that are common to the class; 3) representatives whose claims or defenses are typical of the class; and 4) representatives who will fairly and adequately protect the interests of the class. Two further requirements are added by Rule 23(b)(3): 5) the individual member's interests do not predominate over the common interests; 6) the class action is superior to other means of adjudicating the controversy.

1. *Numerosity.*

■ Plaintiffs have alleged that 1,000,-000 shares of Vector stock were sold at the initial offering, and further allege on information and belief that there are over one thousand members in the class. Complaint, ¶ 20. A failure to state the exact number in the proposed class does not defeat class certification, *Siegel v. Realty Equities Corp.*, 54 F.R.D. 420, 424 (S.D.N.Y.1972), and plaintiff's allegations plainly

suffice to meet the numerosity requirement of Rule 23. *See Hochschuler,* 82 F.R.D. at 343; *Grossman v. Waste Management, Inc.,* 589 F.Supp. 395 (N.D.Ill.1984) (court is entitled to make "common sense assumptions" in order to support a finding of numerosity).

### 2. *Commonality.*

■ Commonality has also been adequately demonstrated. Where the same scheme operates on a class of open market purchasers for an extended period of time, the requirement of (a)(2) has been satisfied. *Green v. Wolf Corp.,* 406 F.2d 291 (2d Cir.1968), *cert. denied,* 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969). Plaintiffs have alleged a failure to disclose the company's growing past-due accounts receivable, difficulties in finding a replacement for its European distributor, and repeatedly overoptimistic evaluations, all of which persisted throughout the period. There is no indication that defendants' misrepresentations or omissions changed materially during this time, *see Grossman,* and thus the class appears to be bound by a common interest in determining whether defendants' conduct is actionable. *Blackie; Hochschuler.*

### 3. *Typicality.*

■ A plaintiff's claim meets this requirement if it arises from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory. The test generally is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct. *Dura-Bilt Corp. v. Chase Manhattan Corp.,* 89 F.R.D. 87 (S.D.N.Y.1981). Factual differences do not defeat certification in securities actions where the claims arise from the same legal theory.

■ Defendants argue that Schwartz is not typical because he sold early, before disclosure of the misrepresentations; and because his position as an early "in and out" places his interest in conflict with those of subsequent purchasers. Both arguments have been considered and rejected by a number of courts. On the issue of standing, the early seller's *damages* may be reduced but his standing to sue is not affected nor is his status as a representative plaintiff of a class of all purchasers throughout the period. *See, e.g., Blackie; Grossman; Saxon Securities Litigation* [Am.Tr. Binder] Fed.Sec.L.Rptr. ¶ 99,691 (S.D.N.Y.1984); *Handweren v. Ginsbey,* 1974–75 Fed.Sec.L.Rptr. ¶ 99,934 (S.D.N.Y. 1974); *Koenig v. Smith,* 88 F.R.D. 604 (E.D.N.Y.1980): Nor do potential conflicts arising from differences in the date of purchase and therefore in proof of damages preclude plaintiff's representative status at this point. In *Blackie,* the Ninth Circuit noted that such a conflict, "if any, is peripheral, and substantially outweighed by the class members' common interests." 524 F.2d at 909. The Court concludes that any potential conflict between purchasers on this ground should not defeat certification given the availability of procedural devices such as subclassing, bifurcation, and reconsideration of class certification. *See Koenig,* 88 F.R.D. at 609; *Tucker v. Arthur Andersen & Co.,* 67 F.R.D. 468, 481–82 (S.D.N.Y.1975). *See also, Green v. Occidental Petroleum Corp.,* 541 F.2d 1335 (9th Cir.1976).

Defendants contend that Greco is not typical under the authority of *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), *Stull v. Baker* (1973 Master Binder), Fed.Sec.L.Rptr. ¶ 94,227 (S.D.N.Y. 1973), and *Gordon v. Hunt,* 98 F.R.D. 573 (S.D.N.Y.1983). However, *Falcon* is distinguishable because there the Title VII plaintiff sought "across the board" certification not only of those who had not been promoted but also of those who had not been hired. In noting that the class consisted of two sets of persons whose claims raised entirely different legal and factual issues, the Supreme Court did not impose a new standard of proof on class action plaintiffs but instead held that Title VII class actions should be subjected to the same

level of analysis as is applied to other class actions under Rule 23(a). *See* 457 U.S. at 161, 102 S.Ct. at 2372.

*Gordon* and *Stull* are also inapposite. *Gordon* involved a stockholder of only three weeks and the court was concerned that, unlike *Blackie* or this case where plaintiffs cumulatively owned stock throughout the entire period, a single plaintiff whose interest spanned only a short time would have greater potential for conflict and lesser incentive to prove the facts and circumstances necessary for recovery by class members who traded later. In *Stull* the plaintiffs had not alleged a common thread of misrepresentations. (*See also* criticism noted in *Hochschuler*, 82 F.R.D. at 347, n. 14 and *Dura-Bilt*, 89 F.R.D. at 100, n. 13.)

Defendants' final contention is that it is not enough to allege a common course of action; there must be "some external, independently verifiable judgment or act" that provides the court with "sufficient information to form a reasonable judgment" to certify plaintiff's class. Defendants' Opp., pp. 29–32. This argument, though creative, would conflict with the Supreme Court's clear direction in *Eisen*, 417 U.S. at 177, 94 S.Ct. at 2152, not to conduct a preliminary inquiry into the merits in order to determine whether a suit may be maintained as a class action.

### 4. *Adequacy of Representation.*

Whether there is any conflict with other class members has been considered in connection with the typicality requirement. As for the adequacy of counsel, plaintiffs' attorneys are well known antitrust specialists who engage in this kind of litigation regularly. Exhibits I, J and K of the Hulett Declaration establish the competence of counsel to vigorously pursue this action.

### 5. *Predominance and Superiority.*

To the extent this overlaps with the concerns about typicality, the result is the same. Potential conflicts which can be resolved by procedural devices do not outweigh the recognized purpose of the class action in securities cases. *Blackie.* Otherwise, plaintiffs' claim is based on a common nucleus of failure to disclose so the predominance question has been met. *Blackie; Green; Hochschuler.*

Accordingly, IT IS HEREBY ORDERED that:

1. A plaintiff class is conditionally certified to include all persons who purchased Vector stock on the open market during the period October 14, 1981 to August 6, 1982, except for the individual defendants and their heirs, successors, assigns, partners or principals and those purchasers who bought to cover a short sale. Such certification is subject to review upon further development of the record, including the possibility of subclasses, modification, realignment or decertification.

2. Within twenty (20) days of the entry of this Order, plaintiffs shall serve on defendants and file with the Court a proposed form of notice to the class in accordance with the requirements of Rule 23(c)(2), together with supporting affidavits on the basis of which the Court may determine the best notice practicable under the circumstances.