Michael **CARLSTROM**, Plaintiff,

v.

**DECISIONONE CORPORATION**, Dwight T. Wilson, and Patricia Cassidy, Defendants.

No. CV–02–26–GF–SEH.

United States District Court, D. Montana, Great Falls Division.

June 20, 2003.

---

Steven T. Potts, Thompson & Potts, Great Falls, MT, for Michael Carlstrom.

Charles R. Johnson, Marra, Wenz & Johnson, Great Falls, MT, Brian T. Ortelere, Amy Promislo, Morgan, Lewis & Bockius, Philadelphia, PA, for DecisionOne Corporation, Dwight Wilson, Patricia Cassidy.

## MEMORANDUM AND ORDER

HADDON, District Judge.

### BACKGROUND

This action was brought to recover ERISA plan benefits, including separation pay. Plaintiff Michael Carlstrom (Carlstrom) worked for Defendant DecisionOne Corporation (DecisionOne) from January 1, 1996, through March 3, 2000. Carlstrom, and some 1,748 other employees of DecisionOne, were terminated beginning in January 1999, as part of a "cost-reduction initiative." Over 800 of the terminated employees, including Carlstrom, were determined by DecisionOne to be entitled to separation pay under the terms of an ERISA welfare benefit plan adopted June 1, 1996 (1996 Plan).

The 1996 Plan required terminated employees to release DecisionOne from all claims relating to employment or termination of employment as a condition to receiving separation pay. Carlstrom initially signed the release, but revoked his signing before receiving separation pay. All but 20 of the other 800–plus employees covered by the 1996 Plan executed releases and received the separation pay.

A different version of the 1996 Plan containing an effective date of March 31, 1999, (1999 Plan) was produced in response to a request for production in a related wrongful discharge case brought by Carlstrom (*Carlstrom v. DecisionOne*, CV 00–139–GF–SEH). The 1999 Plan contained the same separation pay benefit schedule as that of the 1996 Plan, but did not require a release as a prerequisite to payment of the separation pay benefit. Which plan was effective is a central issue in this case.

Carlstrom seeks class certification in this case to pursue claims for damages on behalf of former employees of DecisionOne who were terminated as part of the cost-reduction initiative from March 31, 1999, through March 5, 2001, and who were entitled to separation benefits under the 1999 Plan. The proposed class is defined as follows:

> [A]ll former employees of defendant DecisionOne Corporation who did or do meet the following conditions: whose employ-

ment was terminated from March 31, 1999, through March 5, 2001, whose employment was terminated for a qualifying reason as defined in the ERISA Plan,[1] who was not offered, within at least 10 business days before the employee's last day worked, reassignment or transfer within the Company at a reasonably similar rate of pay and similar geographic area, all as set forth and further described in the ERISA Plan.

Second Am. Class Action Compl. ¶ 10 (Nov. 8, 2002).

## DISCUSSION

Class certification is governed by Fed. R.Civ.P. 23. The Court may certify a class under Rule 23 only if the party seeking certification establishes all four requirements of Fed.R.Civ.P. 23(a); namely numerosity, commonality, typicality, and adequate representation; and one of the three alternative requirements of Fed.R.Civ.P. 23(b), in this case, Rule 23(b)(3). *Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir. 1996).

Rule 23(a) provides:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(b)(3) provides in pertinent part:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

.     .     .     .     .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available

methods for the fair and efficient adjudication of the controversy.

The party seeking certification bears the burden of establishing each element. *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992). Failure to meet any one of the requirements of Rule 23 results in denial of class certification. *Polich v. Burlington Northern, Inc.,* 116 F.R.D. 258, 260 (D.Mont. 1987).

Even if the numerosity and commonality requirements of Rule 23(a) were said to be met, no class can be certified if typicality and adequate representation are not present. Such is the case here.

■ The typicality requirement assures that the interests of the named representative aligns with the interests of the class. *Hanon v. Dataproducts,* 976 F.2d 497, 508 (9th Cir.1992). The test to be applied "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* (quoting *Schwartz v. Harp,* 108 F.R.D. 279, 282 (C.D.Cal.1985)). The typicality requirement is not met if the proposed class representative is subject to unique defenses. *Id.*

■ Here, some 98 percent of the proposed class members signed a release in exchange for separation pay. Carlstrom did not. Carlstrom's position is plainly not comparable to the vast majority of proposed class members who signed releases and received payment. Typicality is missing. *Melong v. Micronesian Claims Commission,* 643 F.2d 10, 13 (D.C.Cir.1980) (finding proposed class members who executed a release could not be represented by individuals who did not execute a release).

Further, Carlstrom did not exhaust the administrative remedies required by both the 1996 Plan and the 1999 Plan. This failure to exhaust raises a defense unique to Carlstrom, which also defeats the typicality re-

---

1. The second amended complaint defined the ERISA plan as "a written Summary Plan Description and Plan Document (the 'ERISA Plan')

adopted by defendant DecisionOne Corporation as of March 31, 1999."

quirement. *Clancy v. Employers Health Ins. Co.*, 82 F.Supp.2d 589, 601 (E.D.La.1999) (denying class certification because the proposed class representative failed to exhaust her administrative remedies creating a unique defense to her claim).

 The named representative cannot adequately represent the class if his or her interests conflict with the interests of the proposed class members. *Mayfield v. Dalton*, 109 F.3d 1423, 1427 (9th Cir.1997). Carlstrom cannot adequately represent the proposed class members who signed a release and received separation pay, given that it may be contrary to interests of those individuals to argue, as Carlstrom does, that the 1999 Plan governs the rights of plan members.

The 1996 Plan provided for medical coverage through the end of the month during which employment was terminated, whereas medical coverage under the 1999 Plan ended on the last day worked. The separation pay benefit is the same under both plans.

If the 1996 Plan is held to have been in effect, class members may yet have a claim for additional medical insurance benefits. On the other hand, if it is determined, as Carlstrom pleads, that the 1999 Plan was in effect, class members could have a claim for separation pay, but not for post termination medical coverage. If Carlstrom's asserted position carries the day, proposed class members who signed a release and received separation pay could lose the capacity to assert a claim for post termination medical coverage under the 1996 Plan. Carlstrom cannot claim the 1999 Plan to be controlling and, at the same time, represent those former employees whose financial interests are best served by a finding that the 1996 Plan remained in effect.

## CONCLUSION

Carlstrom has not established the typicality and adequate representation requirements necessary for class certification. The motion for class certification fails.

ORDERED:

2. Docket No. 93.

1. Plaintiff's Motion for Class Certification[2] is DENIED.

2. The parties shall have sixty (60) days from the date of this Order to conduct discovery on the limited issue of whether DecisionOne adopted the 1999 Plan. Simultaneous briefs, not to exceed 20 pages, and supporting documents addressing the issue of whether DecisionOne adopted the 1999 Plan shall be filed twenty (20) days after the close of discovery. Each party may file an optional reply brief as permitted by L.R. 7.1(f).

3. A schedule for resolution of the remaining issues in the case will be set upon determination of which ERISA plan was in effect at the time the affected employees were terminated.

4. The Court reserves until after determination of which ERISA plan was in effect, any consideration of certification of an alternate class consisting of former employees who, like Carlstrom, did not sign a release or receive separation pay.