David SHAPIRO, individually and on
behalf of all others similarly
situated, Plaintiffs,

v.

MATRIXX INITIATIVES, INC., William J.
Hemelt, Samuel C. Cowley, Timothy L.
Clarot and Carl L. Johnson, Defendants.

No. CV–09–01479–PHX–ROS.

United States District Court,
D. Arizona.

July 31, 2012.

Christopher S. Jones, Joseph E. White,
III, Lester R. Hooker, Maya Saxena, Saxena
White, Boca Raton, FL, Jeremy James
Christian, Richard Glenn Himelrick, Tiffany

& Bosco PA, Phoenix, AZ, Nadeem Faruqi, Faruqi & Faruqi LLP, New York, NY, for Plaintiffs.

Amy J. Longo, Michael G. Yoder, Molly J. Magnuson, Omelveny & Myers, Newport Beach, CA, David B. Rosenbaum, Maureen Beyers, Osborn Maledon PA, Phoenix, AZ, for Defendants.

## ORDER

ROSLYN O. SILVER, Chief Judge.

Pending before the Court is Plaintiffs' motion to certify class. (Doc. 65). For the reasons below, the motion will be granted.

### A. Plaintiff's Motion and Proposed Class

Plaintiffs move to: certify a class under Rules 23(a) and (b)(3), as defined below; appoint lead plaintiff as class representative; and appoint class counsel. (Doc. 65). The proposed class (the "Class") is:

> All persons and entities who purchased or otherwise acquired the publicly traded common stock of Matrixx Initiatives, Inc. from December 22, 2007 through June 15, 2009, inclusive, and who were damaged thereby. Excluded from the Class are Defendants and their respective officers, affiliates and directors, members of their immediate families and their legal representative, heirs, successors or assigns of any such excluded party and any entity in which Defendants have or had a controlling interest.

(*Id.*, at 1).

### B. Class Certification

Under Rule 23(a), Plaintiffs must satisfy four requirements: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation. In addition, Rule 23(b) requires common questions of law and fact predominate and a showing that a class action is the superior method of adjudicating the case. In response, Defendants only challenge the typicality and adequacy of representation. For the reasons stated in Plaintiffs' briefs (Docs. 65 and 74), the Court finds the remaining requirements are met.

### 1. Typicality

The typicality requirement is met where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *In re Cooper Companies Inc. Sec. Litig.*, 254 F.R.D. 628, 635 (C.D.Cal.2009). "The commonality and typicality requirements of Rule 23(a) tend to merge." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). "The test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D.Cal.1985)).

All claims arise from Defendants' material misrepresentations and omissions regarding certain products and FDA compliance as they relate to 800 undisclosed anosmia reports. The damages sustained by proposed lead plaintiff, Alex Alegre de La Soujeole ("Mr. de La Soujeole"), and other Class members arise from their purchase of Matrixx's common stock and the subsequent decline in stock value due to Defendants' misrepresentations and omissions.

Defendants argue Mr. de La Soujeole's claims are not typical of other class members' claims because the market had known about some anosmia reports prior to Mr. de La Soujeole's stock purchase, but Mr. de La Soujeole testified he did not know of any anosmia reports and would not have purchased the stock if he had known about any anosmia reports. Defendants argue this prevents Mr. de La Soujeole from relying on the fraud-on-the-market presumption of reliance.

The fraud-on-the-market theory of reliance is set forth in *Basic v. Levinson*, 485 U.S. 224, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988), as follows:

> [I]n an open and developed securities market, the price of a company's stock is determined by the available material information regarding the company and its business.... Misleading statements will

therefore defraud purchasers of stock even if the purchasers do not directly rely on the misstatements.... The causal connection between the defendants' fraud and the plaintiffs' purchase of stock in such a case is no less significant than in a case of direct reliance on misrepresentations.

*Basic*, 485 U.S. at 224–42, 108 S.Ct. 978; *see also Erica P. John Fund, Inc. v. Halliburton Co.*, — U.S. —, 131 S.Ct. 2179, 2185, 180 L.Ed.2d 24 (2011) (reliance may be established by showing "the alleged misrepresentations were publicly known ..., that the stock traded in an efficient market, and that the relevant transactions took place 'between the time the misrepresentations were made and the time the truth was revealed' ") (quoting *Basic*, 485 U.S. at 248 n. 27, 108 S.Ct. 978). In other words, an efficient market is presumed to have digested publicly available information.

In an efficient market, "the market price of [Matrixx securities] reflect[s] all publicly available information, and, hence, any material misrepresentations." *Halliburton*, 131 S.Ct. at 2181–82 (quotation and citation omitted). "Anyone who buys stock at the prevailing market price is presumed to have relied on that price—and by extension, each piece of publically available information it reflects—as a measure of the stock's value, even if the investor never saw that information." *Conn. Ret. Plans & Trust Funds v. Amgen, Inc.*, 660 F.3d 1170, 1173 (9th Cir. 2011) (citing *Basic*, 485 U.S. at 247, 108 S.Ct. 978). The presumption of reliance can be rebutted by severing "the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price." *Basic*, 485 U.S. at 248, 108 S.Ct. 978. Defendants have not severed the link between the misrepresentations or omissions and Mr. de La Soujeole's purchase of stock on the open market.

Defendants do not dispute the market for Matrixx securities was efficient or the alleged misrepresentations were public. Mr. de La Soujeole purchased the stock relying on the efficient market. In so doing, he relied on the market price, presuming all available material information was reflected in the stock price. Thus, Mr. de La Soujeole's actual purchase of the stock at market price took into account the anosmia reports, even if Mr. de La Soujeole hypothetically would have taken a different course of action had he known about the disclosed anosmia reports.

Further, Plaintiffs' claims are not about disclosed anosmia complaints known to the market, but about *undisclosed* anosmia complaints. Mr. de La Soujeole testified the market price reflected all known information, including the disclosed anosmia reports, but did not reflect the 800 undisclosed reports. de La Soujeole Depo. at 122:16–17 ("I believe if the market had known all the background, yes, the market as an efficient, you know, market would not have priced the shares so high."); *see also* de La Soujeole Depo. at 136:24–137:25. The market, Mr. de La Soujeole, and the Class did not know of the 800 undisclosed anosmia reports that form the basis of Plaintiff's claims. As such, Mr. de La Soujeole's reliance on the market price is typical of the Class.

### 2. Adequacy of Representation

■ "The adequacy requirement depends on: (1) whether the class representatives and their counsel have any conflicts of interest with other class members; and (2) whether the class representatives and their counsel will prosecute the action vigorously on behalf of the class." *Cooper*, 254 F.R.D. at 636 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir.2003)).

■ Mr. de La Soujeole has demonstrated his familiarity with the 800 unreported anosmia claims, failure to report significant adverse events ("SAEs"), misrepresentations regarding compliance with FDA regulations, the Dietary Supplement and Nonprescription Drug Consumer Protection Act (the "Act"), and the difference between disclosed anosmia reports and the 800 additional reports not publicly revealed until the Warning Letter. (Doc. 74, at 6–7). Mr. de La Soujeole has demonstrated he understands the basis for the lawsuit to allow him to prosecute the case. *Tsirekidze v. Syntax–Brillian Corp.*, No. CV–07–02204–PHX–FJM, 2009 WL 2151838, at *5, 2009 U.S. Dist. LEXIS 61145,

at *16 (D.Ariz. July 17, 2009) ("Courts have recognized that in a complex lawsuit ... the representative need not have extensive knowledge of the facts of the case in order to be an adequate representative.") (quoting *In re Nature's Sunshine Prod.'s Inc. Sec. Litig.*, 251 F.R.D. 656, 659 (D.Utah 2008)); *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 482–83 (5th Cir.2001) ("the class representative [is required] to possess a sufficient level of knowledge and understanding to be capable of 'controlling' or 'prosecuting' the litigation."); *In re Conseco Life Ins. Co. Life-Trend Ins. Sales & Mktg. Litig.*, 270 F.R.D. 521, 534 (N.D.Cal.2010) (lead plaintiffs need only be "familiar with the basis for the suit").

In addition, Mr. de La Soujeole reviews court filings before and after they are filed, and has confirmed he actively monitors counsel. (Doc. 74, at 8–9). Combined with his knowledge of the case, Mr. de La Soujeole has demonstrated he will adequately supervise counsel rather than blindly rely on counsel. *See Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344, 352 (N.D.Ill.2008) ("It is permissible for class counsel to be the driving force behind the more complicated legal theories, as long as the named plaintiff has some general knowledge and understanding of the issues, and a willingness to participate in the suit."); *Conseco*, 270 F.R.D. at 531 ("Plaintiffs are laypersons and cannot be expected to define the scope of the class or name all of the causes of action in more precise terms. The fact that they are familiar with the basis for the suit and their responsibilities as lead plaintiffs is sufficient to establish their adequacy.").

Defendants argue Mr. de La Soujeole lacks knowledge of the factual basis for the securities fraud claims, and this renders him an inadequate class representative. Specifically, Defendants argue Mr. de La Soujeole was unable to identify when the FDA found Matrixx to have violated the Act's reporting requirements or when or how the FDA found anosmia claims to be SAEs. Defendants also argue Mr. de La Soujeole attributed the drop in stock price to the FDA Warning Letter. These issues were a point of contention in the parties' motion to dismiss briefing. On one hand, Defendants argue the FDA did not find the undisclosed anosmia reports to be SAEs. On the other hand, Plaintiffs argue the FDA found 800 undisclosed anosmia reports and called those undisclosed reports "serious," the undisclosed anosmia reports qualify as SAEs under the act, and the undisclosed anosmia reports prompted the FDA to issue its Warning Letter. In light of Mr. de La Soujeole's knowledge of the anosmia reports, Warning Letter, and 800 undisclosed reports, he has demonstrated his knowledge of the factual basis for his case. *See, e.g.*, de La Soujeole Depo., 137:23–25 (testifying Defendants disclosed some anosmia reports, but did not inform the market of 800 additional reports). The parties will undoubtedly disagree about the existence of, implications of, and relationship between the anosmia reports, Warning Letter, 800 undisclosed reports, and the FDA's decision to pull product from the shelf. Defendants' arguments are for the trier of fact, but do not demonstrate Mr. de La Soujeole lacks adequate knowledge of the factual basis of the Class claims.

## C. Class Definition and Class Counsel

Aside from the objections to typicality and adequacy of representation discussed above, Defendants do not oppose the Class definition or appointing Saxena White P.A. and Faruqi & Faruqi, LLP as Class Counsel. For the reasons set forth in Plaintiffs' briefs (Docs. 65 and 74), the Court will certify the Class as defined by Plaintiffs and appoint Class Counsel as requested.

Accordingly,

**IT IS ORDERED** Plaintiffs' motion to certify class, appoint lead plaintiff as class representative, and appoint class counsel (**Doc. 65**) is **GRANTED.**

**IT IS FURTHER ORDERED** the Class is certified as:

All persons and entities who purchased or otherwise acquired the publicly traded common stock of Matrixx Initiatives, Inc. from December 22, 2007 through June 15, 2009, inclusive, and who were damaged thereby. Excluded from the Class are Defendants and their respective officers, affiliates and directors, members of their immediate families and their legal representative, heirs, successors or assigns of

any such excluded party and any entity in which Defendants have or had a controlling interest.

**IT IS FURTHER ORDERED** Mr. de La Soujeole is appointed Lead Plaintiff.

**IT IS FURTHER ORDERED** Saxena White P.A. and Faruqi & Faruqi, LLP is appointed as Class Counsel.

**IT IS FURTHER ORDERED** no later than **August 17, 2012,** the parties shall meet and confer regarding class notice. No later than **August 31, 2012,** Plaintiffs shall file a proposed notice of class certification with the Court as a stipulation or motion to approve class notice.