STATE EX REL. SULLIVAN, Petitioner and Respondent, vs. BENSON, Sheriff, and others, Appellants.

*February 8—March 7, 1933.*

For the appellants there was a brief by *William A. Zabel,* district attorney of Milwaukee county, and *Oliver L. O'Boyle,* corporation counsel, and oral argument by *Clark J. A. Hazelwood,* assistant corporation counsel.

*Joseph A. Padway* and *Walter Schinz, Jr.,* both of Milwaukee, for the respondent.

FAIRCHILD, J.   There are limitations upon the powers of the Civil Service Commission.   Its duties are fixed by statute.   In order to remove one who is under the civil service rule from office there must be complaint in writing and notice to the person affected, opportunity for a hearing, and then a hearing and a decision.   The statute requiring the commission to appoint a time and place for the hearing of charges provides that at the termination of the hearing the commission shall decide whether or not the charges are well founded and take such action by way of suspension, demotion, discharge, or reinstatement as to them may seem requisite and proper under the circumstances.   This interpretation of the statute appears in rule 7, sec. 3, Civil Service Rules:

"At the termination of the hearing, the commission or the investigating officer or board appointed by the commission to conduct such hearing shall make return of the findings, . . . and when such findings . . . are approved by the said commission, the decision of the commission shall be final and shall be certified to the appointing authority and be forthwith enforced by him."

The learned trial judge was of the opinion that any and all the provisions in the decision of August 3, 1931, "delegating or attempting to delegate the power of reinstatement of said petitioner to the defendant Benson (sheriff of Milwaukee county), or providing for further action in said matter by said Civil Service Commission at a later date in the event said Benson, sheriff, should elect to refuse or withhold any recommendation, are wholly void and without legal effect as giving said Civil Service Commission any further power to act in said matter."

The good faith of the commission is not questioned and the purpose of their phrasing their order as they did may readily be understood as an effort for the good of the service; but the commission had no authority to delegate to an

individual the power which was attempted to be given in this instance to the sheriff. The authority to dismiss has been transferred to the commission by the legislature and the commission cannot place it elsewhere. A void provision was incorporated in an otherwise valid order. The period of suspension properly fixed by the commission is past, the punishment it inflicted has been accepted. The question now presented goes only to the proceedings which are based on a void provision. It is conceded that the proceedings subsequent to the suspension and the attempted discharge of the petitioner are based on the void provision. They therefore have no force or efficacy and, being without foundation on which to rest, must fall. *Wacker v. Wacker,* 199 Wis. 197, 225 N. W. 749.

*By the Court.*—Judgment affirmed.