[No. 33599. Department One. April 11, 1957.]

THE STATE OF WASHINGTON, *on the Relation of Marie K. West, Appellant,* v. THE CITY OF SEATTLE *et al., Respondents.*[1]

[1] Reported in 309 P. (2d) 751.

*Gerald D. Hile* and *Alvin J. Ziontz*, for appellant.

*A. C. Van Soelen* and *Glen E. Wilson*, for respondents.

FOSTER, J.—Appellant, a Seattle civil service employee, appeals from a final judgment dismissing her application for certiorari to review the action of the Seattle civil service commission sustaining her dismissal from the classified civil service. Without making a return to the alternative writ, respondents, composing the civil service commission, demurred to appellant's affidavit for the writ. After argument, the demurrer was sustained, and upon the refusal of the appellant to plead further, final judgment of dismissal followed, from which this appeal is taken.

Art. VII, § 8, of the Seattle city charter creates the city lighting department and denominates the head thereof as the superintendent of lighting and provides that he shall appoint and control all employees in that department. Art. XVI, § 12, of the Seattle charter, the material portion of which is set out in the margin,[2] authorizes removal by

---

[2]"Every officer or employee in the classified civil service shall hold office until removed or retired. Any officer or employee in such service may be removed by the appointing power only upon filing with the commission of a statement in writing of the reasons therefor."

the "appointing power only." Art. XVI, § 4, of the city charter authorizes the civil service commission to promulgate rules respecting appointment and removal of civil service employees, pursuant to which the commission adopted Rule 1, the material portion of which is set out in the margin.[3]

Appellant's affidavit upon which an alternative writ was issued, the truth of which is admitted by the demurrer, alleged that she was a classified civil service employee in the city lighting department and was. dismissed January 3, 1955, but that the written reasons therefor were not filed until January 10, 1955, and that her removal was not by the superintendent of the lighting department but by the personnel supervisor.

Appellant alleges that the power of removal in the superintendent of the city lighting department was nondelegable. Appellant attached to her affidavit what purports to be a stenographic transcript of the evidence before the civil service commission and labels it a "bill of exceptions." Upon that affidavit an alternative writ of certiorari issued, which, among other things, required the civil service commission to certify the complete transcript of its proceedings to the superior court or show cause why it should not do so. Instead of making a return, the respondents demurred generally to the affidavit.

It is but trite to say that if the facts pleaded show any ground of relief, the general demurrer must be overruled. *Cary v. Bellingham*, 41 Wn. (2d) 468, 250 P. (2d) 114; *Brown v. Peoples Nat. Bank of Washington*, 39 Wn. (2d) 776, 238 P. (2d) 1191; *Sweeny v. Sweeny Inv. Co.*, 199 Wash. 135, 90 P. (2d) 716, 139 A. L. R. 847. It was admitted in argument and, in fact, the trial court so stated in its memorandum, that the purported dismissal, if valid, was not effective until the filing of the written reasons therefor on January 10, 1955.

The primary question is whether or not the power of removal lodged by the charter in the superintendent may be

[3]*"Appointing Officer*—The head of a department, whether individual, board or commission, or a person designated by such head of department with authority to appoint, discipline and remove subordinates."

delegated. We are told by the respondent, and the trial judge stated in his memorandum opinion, that Rule 1, promulgated by the civil service commission, authorizes the superintendent to delegate the power of removal.

■■ The charter provision authorizing the civil service commission to promulgate rules to carry out the civil service charter provisions is valid. *State v. Miles,* 5 Wn. (2d) 322, 105 P. (2d) 51; *Vail v. Seaborg,* 120 Wash. 126, 207 Pac. 15; *Spokane Hotel Co. v. Younger,* 113 Wash. 359, 194 Pac. 595; *State ex rel. Railroad Comm. v. Great Northern R. Co.,* 68 Wash. 257, 123 Pac. 8. But the power of an administrative agency to promulgate rules is not unlimited. Under the guise of the rulemaking power, it may not legislate and the rules must be within the framework of the policy laid down in the statute or ordinance.

■ The charter provision vesting the removal power in the head of the department invalidates any rule attempting to delegate that power to some other officer or employee and to that extent, the rule is *pro tanto* void. *Northern Pac. R. Co. v. Henneford,* 9 Wn. (2d) 18, 113 P. (2d) 545; *State v. Miles,* 5 Wn. (2d) 322, 105 P. (2d) 51; *Ernst v. Kootros,* 196 Wash. 138, 82 P. (2d) 126.[4]

Cases holding rules void which attempted to delegate municipal powers are collected in the margin.[5]

---

[4]For a general discussion see 16 C. J. S. 849; 42 Am. Jur. 428, § 99; 42 Am. Jur. 353, § 49; *Trust of Bingham v. Commissioner of Internal Revenue,* 325 U. S. 365, 89 L. Ed. 1670, 65 S. Ct. 1232, 163 A. L. R. 1175; *Blatt Co. v. United States,* 305 U. S. 267, 83 L. Ed. 167, 59 S. Ct. 186; *Manhattan General Equipment Co. v. Commissioner of Internal Revenue,* 297 U. S. 129, 80 L. Ed. 528, 56 S. Ct. 397; *Campbell v. Galeno Chemical Co.,* 281 U. S. 599, 74 L. Ed. 1063, 50 S. Ct. 412; *Kornhauser v. United States,* 276 U. S. 145, 72 L. Ed. 505, 48 S. Ct. 219.

[5]*State ex rel. Sullivan v. Benson,* 211 Wis. 47, 247 N. W. 450; *Richmond v. Village of Lodi,* 227 Wis. 23, 277 N. W. 620; *Paddock v. Brisbois,* 35 Ariz. 214, 276 Pac. 325; *Volk v. Newark,* 47 N. J. L. 117; *Malloy v. Chicago,* 365 Ill. 604, 7 N. E. (2d) 320; *Morrison v. Moses,* 172 Misc. 129, 14 N. Y. S. (2d) 67. See, also, *Roehl v. Public Utility Dist. No. 1,* 43 Wn. (2d) 214, 240, 261 P. (2d) 92, 105; 4 McQuillin on Municipal Corporations 254, § 12.233, fn. 51; 3 McQuillin on Muncipal Corporations 282, § 12.72.

■ The demurrer should have been overruled. It is suggested that, after the abortive dismissal by a subordinate, the superintendent himself dismissed appellant. But that does not appear upon the face of the appellant's affidavit and cannot be considered. The answer must be served with the demurrer and a defendant may not answer after the demurrer is overruled. *State ex rel. Brown v. Warnock*, 12 Wn. (2d) 478, 122 P. (2d) 472. Because of the unusual situation here presented, however, leave is granted the respondent, if it is so advised, to answer.

■ The alternative writ specifically commanded respondents to make return of a complete transcript of its records and proceedings in the appellant's removal proceeding, which it did not do. This court, in any event, may not consider the stenographic transcript of a civil service proceeding unless brought here by statement of facts under the court's certificate. *State ex rel. Lucas v. Superior Court*, 193 Wash. 74, 74 P. (2d) 888.

The judgment appealed from is reversed, and the cause is remanded with instructions to overrule the demurrer and to permit the respondent to answer and set up any defense it may have.

SCHWELLENBACH, DONWORTH, FINLEY, and ROSELLINI, JJ., concur.