166 P.3d 684 (2007)
Mark POTTER, on behalf of himself and the class he represents, Appellant,
v.
WASHINGTON STATE PATROL, a Washington State Agency, Respondent.
No. 79172-4.
Supreme Court of Washington, En Banc.
Argued January 25, 2007.
Decided August 30, 2007.
*685 Adam J. Berger, Schroeter Goldmark & Bender, Seattle, WA, for Appellant.
Shannon Elizabeth Inglis, Attorney General's Office, Criminal Justice, Seattle, WA, for Respondent.
C. JOHNSON, J.
¶ 1 This class action case seeks damages proximately caused by alleged conversion, based upon wrongful impoundment of vehicles. The foundation for the claim arises from All Around Underground, Inc. v. Washington State Patrol, 148 Wash.2d 145, 60 P.3d 53 (2002), where we held that the Washington State Patrol's (WSP) mandatory vehicle impoundment policy exceeded statutory authority. Mark Potter claimed that his cars were unlawfully impounded on two separate occasions. On the basis of the Restatement (Second) of Torts section 265 (1977), the trial court granted the WSP's motion for summary judgment. Under this section, the trial court held that the decision to impound the vehicles was privileged and dismissed the case. Potter appealed to the Court of Appeals, which certified the case to us, and we accepted direct review. We reverse the trial court.

FACTS
¶ 2 Twice in a six month period, the WSP impounded a vehicle Potter was driving; in both instances for driving while license suspended in the first degree. The first impoundment occurred when Potter's mother was in the vehicle. The officer did not allow her to take possession of the vehicle. In the second instance, the vehicle was parked on the side of a rural road. In both instances, the officer impounded the vehicles. A hold was placed on the vehicles for 90 days.[1] Potter claims he could not pay the fees associated with the impoundments and holds. He did not request a hearing or otherwise challenge the impoundments and both vehicles were auctioned. Clerk's Papers (CP) at 209-10.
¶ 3 Potter filed this lawsuit as a class action, which the trial court certified.[2] Potter's class consists of all registered owners cited for driving while license suspended *686 whose vehicles were impounded by the WSP under the mandatory impoundment policy set out in WAC 204-96-010. The impoundments all occurred prior to our decision in All Around Underground, 148 Wash.2d 145, 60 P.3d 53. Potter moved for summary judgment on liability for conversion. The State cross-moved, seeking dismissal. The trial court granted the State's motion and denied Potter's.

ANALYSIS
¶ 4 We accepted review to decide whether the immunity from civil liability for acts committed in the discharge of a duty or authority created by law, see Restatement (Second) of Torts section 265, extends to the WSP's impoundment of vehicles of drivers with suspended or revoked licenses under regulations held unlawful in All Around Underground, 148 Wash.2d 145, 60 P.3d 53.[3]
¶ 5 We undertake the same inquiry as the trial court in reviewing a grant of summary judgment. There must be no genuine issue of any material fact and the moving party must be entitled to judgment as a matter of law. The court must consider all facts submitted and reasonable inferences from the facts in the light most favorable to the nonmoving party. Grundy v. Thurston County, 155 Wash.2d 1, 6, 117 P.3d 1089 (2005).
¶ 6 The Restatement (Second) of Torts section 265 sets out the following privilege:
One is privileged to commit an act which would otherwise be a trespass to a chattel or a conversion if he is acting in discharge of a duty or authority created by law to preserve the public safety, health, peace, or other public interest, and his act is reasonably necessary to the performance of his duty or the exercise of his authority.
Applying this section, the trial judge reasoned: "The key inquiry is whether or not the action was, under authority, created by law to preserve the public safety or other public interests, and whether or not the act was reasonably necessary to the performance of the duty or exercise of authority." Report of Proceedings (RP) at 41-42. The trial judge found that the officers had authority to impound and that the manner in which they exercised that authority was reasonable. The trial court concluded that since the officers' actions were authorized and reasonable, the WSP was protected by the privilege extended to its officers. RP at 42.
¶ 7 We have found no Washington cases adopting or recognizing Restatement (Second) of Torts section 265 as a basis to make privileged otherwise unauthorized conduct, and we decline to apply the section to this case. First, the privilege, even if we were to recognize it, is applicable only to cases involving the reasonableness of acts by individuals. See, e.g., RESTATEMENT (SECOND) OF TORTS § 265 cmts. a-d (referring to the actions of "an officer or a private citizen," a "public officer," and "an inspector, surveyor, or other administrative officer"). This is borne out by review of the cases discussing the privilege; all of which involve claims emanating from individual's exercise of discretion. See Reimer v. Short, 578 F.2d 621, 627-28 (5th Cir.1978) (liability premised on actions of police officers); Downs v. United States, 522 F.2d 990, 1003-04 (6th Cir.1975) (liability premised on actions of FBI agent); Blake v. Delaware City, 441 F.Supp. 1189, 1205 n. 64 (D.Del.1977) (liability premised on actions of municipal officials, police officers, citizens).
¶ 8 Potter is not suing any individual officer. Br. of Resp't at 24 n. 13. He is not alleging that the harm resulted from the conduct of any individual officer, but rather from a WSP directive that unlawfully required impoundment and eliminated individual discretion.[4] The WSP's argument regarding *687 the reasonableness of WSP officers' actions is not controlling of the issue presented.
¶ 9 The WSP argues that there has been no showing that the manner in which the impoundments were carried out was unreasonable. Br. of Resp't at 21. This argument confuses the lawfulness of the actions of its officers, the requirements to invoke the section 265 privilege, and the basis for its own liability. The privilege described in section 265, if or where it exists, is concerned with how an individual interprets and applies his or her duty or authority to preserve public safety, health, peace, or other public interest. The section asks whether the agent's application of that duty or authority was proper, whether it was premised on the individual's role in serving some public interest goal, and whether it was reasonably necessary to accomplishing that goal. As such, it does not apply to instances, as here, where the harm arises from a strict mandate and the individual has no room to interpret, or cause to question, his or her duty.[5] The privilege is inapplicable in this case because it is relevant only in situations where liability results from the actions of individual officers acting with some discretion.
¶ 10 The WSP argues it had a privilege grounded in an effort to preserve public safety. "The impoundment of Mr. Potter's vehicles was carried out under the authority of RCW 46.55.113 and former WAC 204-96-010 in order to further public safety." Br. of Resp't at 20. This argument fails because the authority under which the impoundments were carried out by individual WSP officers is irrelevant to the basis of WSP's liability for mandating impoundment  the WSP had no independent authority to mandate impoundment.
¶ 11 The WSP caused the impoundments by promulgating WAC 204-96-010, a mandate to impound that was in excess of its statutory authority. All Around Underground, 148 Wash.2d at 156-57, 60 P.3d 53. And section 265 does not privilege an agency for its incorrect interpretation of its statutory authority, even where it interpreted its authority in pursuit of a public safety goal. Section 265 presumes authority to act; authority does not arise by the mere endeavor to advance public safety. Under section 265, an act "in discharge of a duty or authority created by law" may be privileged. But "[i]t is beyond the scope of this Restatement to state when an officer . . . is authorized to act." Restatement (Second) of Torts § 265 cmt. a.
¶ 12 Our cases do not support extending a privilege to the WSP under the circumstances here. In Savage v. State, 127 Wash.2d 434, 899 P.2d 1270 (1995), we denied a request to extend a parole officer's immunity to the State or agency. We explained that holding the State liable would "have the salutary effect of providing the State an incentive to ensure that reasonable care is used in fashioning guidelines and procedures." Savage, 127 Wash.2d at 446, 899 P.2d 1270. The State argues that Savage is inapplicable as a qualified immunity case. It suggests that to rely on Savage would erode a distinction between privileges and immunities. Br. of Resp't at 24 (citing PROSSER AND KEETON ON THE LAW OF TORTS § 16, at 109 (W. Page Keeton ed., 5th ed.1984) (stating that privileges involve justifiable motives, while an immunity permits no inquiry into motives)).
¶ 13 The suggested distinction between privileges and immunities is not undermined by our conclusion that the WSP, as the WAC promulgating authority, has no privilege under section 265, and so the distinction erodes none of Savage's relevance. Any tortious conduct here was a consequence of the WSP's promulgation of WAC 204-96-010. Its officers had essentially no role in causing its liability, and whether they are protected by a privilege or immunity, the WSP's liability is premised on a distinct basis. See RESTATEMENT (SECOND) OF AGENCY § 217 cmt. b (1958) ("[W]here the principal directs an *688 agent to act, or the agent acts in the scope of employment, the fact that the agent has an immunity from liability does not bar a civil action against the principal."). The WSP cannot shield itself from liability for its policies based on a privilege that applies only to individuals and presumes authority to act.

CONCLUSION
¶ 14 We find that summary judgment was improperly granted. The WSP may be liable for conversion, and it is not privileged under Restatement (Second) of Torts section 265. The trial court is reversed, and this case is remanded to the trial court for further proceedings.
WE CONCUR: SANDERS, BRIDGE, OWENS, JJ. and BECKER, J.P.T.
ALEXANDER, C.J. (concurring).
¶ 15 Although I concur in the result reached by the majority, I write separately to observe that the majority opinion fails to address a claim that the Washington State Patrol (WSP) makes here to the effect that Mark Potter's class action is precluded by the provisions of RCW 46.55.120. According to the WSP, that statute provides the exclusive means to challenge a vehicle impoundment. Br. of Resp't at 36. If the WSP is correct in this assertion, it would provide a basis for affirming the summary judgment granted by the trial court because Potter did not avail himself of that remedy.
¶ 16 I concur, though, because the record indicates that the WSP did not argue this theory to the trial court. In reviewing an order granting or denying summary judgment, an appellate court can consider only issues called to the attention of the trial court. RAP 9.12; Van Dinter v. Orr, 157 Wash.2d 329, 334, 138 P.3d 608 (2006). Because the issue was not presented to or considered by the trial court, the WSP should not, however, be precluded from raising the issue on remand.
MADSEN, J. (dissenting).
¶ 17 The majority concludes that the Washington State Patrol (State Patrol) is not privileged under Restatement (Second) of Torts § 265 (1977) and may be liable for conversion. Assuming a tort claim for conversion can be asserted, which I question, an invalid rule mandating impoundment does not necessarily mean that every impoundment constituted a conversion. Instead, because state law authorizes impoundments, if the State Patrol establishes in a given case that the trooper's impoundment of a vehicle in fact would have constituted the reasonable exercise of discretion required by RCW 46.55.113, then the State Patrol committed no wrongdoing and should not be liable.
¶ 18 Because each case would necessarily turn on its own facts, a class suit is improper in these circumstances. The only "common" issue is the existence of the invalid rule at the time of impoundment, and because liability would not depend upon the rule but instead on the facts peculiar to each case, the class does not satisfy CR 23. It does not meet the commonality and typicality requirements of CR 23(a) or the predominance requirement of CR 23(b)(3).
¶ 19 Finally, as noted earlier, I question whether a claim for conversion can be maintained at all. The State Patrol makes a compelling argument that the redemption procedures under RCW 46.55.120 preclude a common law tort claim.

ANALYSIS
¶ 20 The State Patrol cannot be liable for conversion solely because of former WAC 204-96-010 (2000). The principle question in this case is whether the plaintiff class can establish liability on the part of the State Patrol solely because impoundment occurred during the time when former WAC 204-96-010 was in effect. Although the rule required every vehicle to be impounded and its promulgation was therefore in excess of the State Patrol's delegated authority, this invalidity says nothing about whether the impoundment in a specific case in fact violated RCW 46.55.113.
¶ 21 Invalidity of an agency rule does not render invalid, per se, any action taken under the rule. For example, in Baker v. Morris, 84 Wash.2d 804, 529 P.2d 1091 (1974), the court held that the Board of Prison Terms *689 and Paroles (the Board) exceeded its authority when it promulgated "Rule 7.040", which required a vote of at least six board members to waive an inmate's mandatory minimum term. The court held the rule invalid because it contravened former RCW 9.95.040 (1961), which provided for the concurrence of at least four board members to waive an inmate's mandatory minimum. Baker, 84 Wash.2d at 808-09, 529 P.2d 1091. However, because four members in fact voted to waive the inmate's mandatory minimum term and thus satisfied the requirement of former RCW 9.95.040, the board's action constituted a valid waiver of the petitioner's mandatory minimum term, regardless of the invalidity of the rule under which the Board acted.
¶ 22 Similarly, here, all impoundments of the class members' vehicles occurred under the invalid rule, former WAC 204-96-010. But, as with the situation in Baker, if the actions of the troopers when impounding would have satisfied RCW 46.55.113 as a reasonable exercise of discretion, then their actions constituted valid impoundments under the statute. Thus, in every case, the question will be whether the State Patrol can establish that under the facts, the trooper would have reasonably exercised discretion to impound and the outcome was therefore the same as if the trooper had in fact exercised such discretion at the time of impoundment.
¶ 23 This court explained in In re Impoundment of Chevrolet Truck, 148 Wash.2d 145, 157, 60 P.3d 53 (2002), the case in which former WAC 204-96-010 was held invalid, that "[t]he legislature's traditional and primary interest in authorizing impoundment of vehicles driven by suspended drivers is to prevent a continuation of the offense of driving with an invalid license." If that goal can be reached without impoundment, for example, when another licensed individual is present and authorized to drive the vehicle and capable of doing so safely, then the State Patrol would be unable to show that discretion would reasonably have been exercised to impound. In every case the question will be whether the State Patrol can establish that there were no reasonable alternatives to impoundment. In the two consolidated cases decided in Impoundment of Chevrolet Truck, 148 Wash.2d at 149, 151, 60 P.3d 53, for example, the vehicle owner was either present at the scene and could have taken possession of the vehicle safely or arrived at the scene during the stop. In both cases, therefore, the State Patrol would be unable to show that a trooper would reasonably have exercised discretion to impound. Thus, the impoundments in both cases were invalid because they violated RCW 46.55.113.
¶ 24 Because the trooper's actions in each case must be assessed to determine whether impoundment would have occurred in the exercise of reasonable discretion, there should be no per se rule of liability for conversion based solely on impoundment during the time the invalid rule was in effect. Stated another way, there should be no strict liability based solely upon the fact that a vehicle was impounded at the time former WAC 204-96-010 was in effect.
¶ 25 The relevant inquiry is not whether the officer did in fact exercise discretion, but rather whether under the circumstances a reasonable exercise of discretion would have led to impoundment. Because if so, then RCW 46.55.113 is satisfied and this is, in the end, the only relevant concern.
¶ 26 It also follows that a class suit is improper in this case because each individual case must turn on its own facts.[1] The trial court certified the class under CR 23(a) and CR 23(b)(3) as
[r]egistered owners of motor vehicles that were impounded by the Washington State Patrol solely for Driving While License Suspended violations during the period of June 1, 2001 through December 19, 2002, who have not resorted to any other judicial *690 or administrative method to challenge the legitimacy of the impound of their vehicle.
Clerk's Papers (CP) at 13.
¶ 27 CR 23(a) contains threshold certification requirements that have to be met for a class suit to be proper: numerosity, commonality, typicality, and adequacy of representation. The commonality and typicality prerequisites mean that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if . . . there are questions of law or fact common to the class [and] the claims . . . of the representative parties are typical of the claims . . . of the class." CR 23(a). As to the commonality requirement, there has to be only a single issue that is common to the class. Smith v. Behr Process Corp., 113 Wash.App. 306, 320, 54 P.3d 665 (2002); 1 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 3-10, at 274 (4th ed.2002).
¶ 28 Here, although all impoundments would have occurred while former WAC 204-96-010 was in effect, the commonality requirement is not satisfied because resolution of each class member's case does not depend merely upon the existence of the rule. Instead, each case depends upon whether the reasonable exercise of discretion would have led to impoundment in any event, or, stated another way, whether the State Patrol's conduct complied with RCW 46.55.113 and its underlying purpose, rather than the rule.
¶ 29 For essentially the same reasons that the commonality requirement is not satisfied, the typicality requirement is also not satisfied. Whether there was any wrongdoing that gave rise to a tort action depends on whether there was a violation of the statute, and whether a statutory violation occurred depends entirely on the particular facts in each case and whether they show that a reasonable exercise of discretion would have led to impoundment. If so, no statutory violation occurred.
¶ 30 Evidence in the record may be considered for purposes of determining whether class certification is proper, including whether the typicality requirement is met. Miller v. Farmer Bros. Co., 115 Wash.App. 815, 820, 64 P.3d 49 (2003); Oda v. State, 111 Wash. App. 79, 94, 44 P.3d 8 (2002). In his declaration, Mark Potter explains that on October 28, 2001, he was stopped for speeding and cited for driving with a suspended license. CP at 209. His mother was in the vehicle with him and had a valid driver's license. Id. Mr. Potter further explains that on May 3, 2002, he was again stopped for speeding and cited for driving while his license was suspended. CP at 210. He pulled his "truck off the pavement where it was not obstructing traffic." Id.
¶ 31 It is doubtful that the State Patrol could establish that discretion would reasonably have been exercised to impound Mr. Potter's vehicles, particularly in the first instance. But in other class members' cases where impoundment occurred while former WAC 204-96-010 was in effect, this would not be the case. Without doubt, in some cases the only reasonable exercise of discretion would have been to impound the vehicle. For this reason, Mr. Potter's claims cannot be said to be typical of all members of the class certified by the trial court.
¶ 32 Other courts have held that class certification is inappropriate where individual facts peculiar to each class members' claim would control the success or failure of the claim. For example, in Jones v. Takaki, 38 F.3d 321 (7th Cir.1994), owners presented an innocent-owner defense to property forfeiture and also argued unconstitutional delay in bringing forfeiture proceedings. The court held that the typicality requirement was not satisfied because the reasons for delay were too fact specific for class certification and would require a fact-specific, case-by-case assessment. Id. at 323-24. In Polich v. Burlington Northern, Inc., 116 F.R.D. 258, 261-62 (D.Mont.1987), the proposed class consisted of former railroad employees who had been discharged or transferred and who asserted claims of fraud and promissory estoppel against the railroad. The court found the commonality requirement had not been met because of the almost unique set of facts relating to each employee and the wide variance of proof of fraud necessarily presented. Id. Nor was the typicality requirement met, because the success or failure of each class members' claims depended on individual *691 facts peculiar to his or her own situation, despite the fact all brought claims of fraud and promissory estoppel. Id. at 262. In Kent-Chojnicki v. Runyon, 180 F.R.D. 237 (W.D.N.Y.1998), postal service employees alleged that the postal service violated the Rehabilitation Act, 29 U.S.C. § 701, after they suffered work related injuries resulting in partial disability. The court held that neither the commonality or typicality requirements were satisfied because suit required individual factual determinations whether the employees were disabled within the meaning of the act, whether they were subjected to harassment by other workers and management, and whether their individual reassignments violated the act.
¶ 33 As in these cases, fact-based issues control this litigation, and the facts are particularized in each individual's situation.
¶ 34 In addition to the threshold requirements of CR 23(a), a class must also satisfy one of the three subsections of CR 23(b). Here, the trial court certified the class under CR 23(b)(3), which applies when "[t]he court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Here, in each class member's case, the individual issue is whether exercise of discretion as required by RCW 46.55.113 would have led to the same result of impoundment. Not only is this a different legal issue than the invalid rule and its impact, it is an issue that can be resolved only with respect to the particular factual circumstances of each case. Thus, there is neither a common legal issue nor a common factual issue that predominates over individual issues. For this reason, too, the class was improperly certified.
¶ 35 Finally, I question the availability of a tort claim in any event. The State Patrol contends that RCW 46.55.120 provides a comprehensive and exclusive remedy and precludes a claim for conversion. Under RAP 9.12 an appellate court reviewing a grant of summary judgment "will consider only evidence and issues called to the attention of the trial court." The State Patrol did not argue exclusiveness of the statute when it moved for summary judgment.
¶ 36 Under RAP 1.2(c), the rules of appellate procedure may be waived to serve the ends of justice. Deciding this issue at this stage of the proceedings would serve the ends of justice, providing, as it does, an obvious and easily resolved argument in support of the trial court's grant of summary judgment. Further, a decision on this issue will answer not only tort claims for conversion but all other tort claims brought in the wake of Impoundment of Chevrolet Truck arising out of impoundments occurring while former WAC 204-96-010 was in effect.
¶ 37 A statute will preclude a common law tort claim if the legislature so intended. See generally Wilmot v. Kaiser Aluminum & Chem. Corp., 118 Wash.2d 46, 61-62, 821 P.2d 18 (1991). RCW 46.55.120(1) governs redemption of impounded vehicles, and begins with the statement that "[v]ehicles . . . that are impounded" because the driver is driving with a suspended or revoked license "may be redeemed only under the following circumstances." (Emphasis added.) The statute also states that "[a]ny person seeking to redeem an impounded vehicle . . . has a right to a hearing in the district or municipal court for the jurisdiction in which the vehicle was impounded to contest the validity of the impoundment." RCW 46.55.120(2)(b) (emphasis added).[2] Thus, by its plain language, the statute provides that only the provisions in the statute may be employed to redeem an impounded vehicle, and redeeming an impounded vehicle includes a challenge to the validity of the impound. By its plain language, the statute provides that its procedures and remedies are the only recourse for an invalid impoundment, thus precluding a common law tort claim. The language of the statute strongly supports, if not commands, the conclusion that the statutory *692 remedies are exclusive. See Wilmot, 118 Wash.2d at 55-58, 821 P.2d 18.
¶ 38 Further, the remedies in the statute are broad. At the conclusion of a hearing to determine the validity of impoundment, the court will decide whether the impoundment was proper and who is responsible for payment of fees. RCW 46.55.120(3)(c). If the impoundment is unlawful, then the registered and legal owners of the vehicle bear no impoundment, storage, or towing fees, any security must be returned or discharged as appropriate, and the agency or person authorizing the impoundment must bear these costs.[3] RCW 46.55.120(3)(e). In addition, judgment is to be entered in favor of the registered and legal owners of the vehicle for the filing fee required for the impound hearing as well as reasonable damages for the loss of use of the vehicle. Id. Moreover, as the State Patrol points out, if a hearing under the statute is timely sought, there will be no auction of the impounded vehicle, and thus no concern about damages arising from disposal of the vehicle at auction.
¶ 39 The comprehensiveness of the remedies available also indicates that the statutory remedies are exclusive. See Wilmot, 118 Wash.2d at 60-61, 821 P.2d 18. In Impoundment of Chevrolet Truck, for example, where the vehicle owners challenged impoundment at vehicle impoundment hearings pursuant to RCW 46.55.120, the court remanded both cases for determination of reasonable damages for the loss of use. Impoundment of Chevrolet Truck, 148 Wash.2d at 162, 60 P.3d 53. In one of the cases, the court also directed entry of judgment awarding compensation for impound and storage costs and the cost of the filing fee for the impound hearing, see RCW 46.55.120(3)(c), (e), and, in the other case, affirmed judgment on the impropriety of the vehicle impoundment. Impoundment of Chevrolet Truck, 148 Wash.2d at 162, 60 P.3d 53.
¶ 40 The express language and detailed provisions of RCW 46.55.120, including its remedies' provisions, show the legislature's intent to provide exclusive remedies and preclude a tort claim based on impoundment of a vehicle where a driver operated the vehicle while his or her license was suspended or revoked. I would therefore hold that a conversion action cannot be sustained and summary judgment in favor of the State Patrol should be affirmed on this alternate basis.

CONCLUSION
¶ 41 The correct holding in this case is that no conversion action in any form is appropriate because the statutory remedies in RCW 46.55.120 are exclusive and preclude any common law claims. The trial court's grant of summary judgment in favor of the State Patrol should be affirmed on this alternate basis. However, assuming that an illegal impoundment can be sufficient to support a claim for conversion, if the State Patrol shows in an individual impoundment case that a reasonable exercise of discretion would have led to impoundment, then it committed no wrongdoing in violation of RCW 46.55.113 and should not be liable for conversion. Whether the statute was violated turns on a case-by-case, fact-specific analysis, and therefore the class does not satisfy the requirements for a class under CR 23(a) and (b)(3). Thus, at a minimum, the class should be decertified and whether RCW 46.55.113 was violated should be decided on its own facts in each case where impoundment occurred while former WAC 204-96-010 was in effect.
¶ 42 For these reasons, I dissent from the majority opinion.
WE CONCUR: FAIRHURST and J.M. JOHNSON, JJ.
NOTES
[1] If the driver is arrested for first degree driving while license suspended and has two or more prior convictions of RCW 46.20.342(1)(a) or (b) in the last five years, the WSP can order a hold on the vehicle for up to 90 days. RCW 46.55.120(1)(a); WAC 204-96-010. Potter seeks damages proximately caused by the impoundments.
[2] The trial court order certifying the class is not before us in this case. The dissent argues we should review the order to serve the interests of judicial efficiency and save the parties time and costs, citing RAP 1.2(c). Dissent at 689 n. 1. The dissent argues that even though impoundment of Potter's vehicles would have been justified, "in other class members' cases where impoundment occurred while former WAC 204-96-010 was in effect, this would not be the case." Dissent at 690. The dissent cites no part of the record to support this assertion.

The WSP expressly declined to attack the class, and hence the propriety of class certification was not briefed. See Br. of Resp't at 35 ("If Mr. Potter argues a theory other than per se conversion based on the invalidated administrative rule, the State Patrol should have the right to dissolve the class before addressing Mr. Potter's individual claim."). In addition, no arguments or evidence on the subject were before the trial court. Notwithstanding our authority under RAP 1.2(c) to waive the rules of appellate procedure to serve the ends of justice, generally an appellate court will consider only evidence and issues called to the attention of the trial court. RAP 9.12. To address the order certifying the class would require inferences from facts not in the record, and hence we decline to reach that issue at this time.
[3] In their briefing, the parties have raised arguments concerning the elements of conversion and the applicability of statutory sections relating to the impoundment process. Given the narrow basis of the trial court's ruling, we do not address or resolve these additional issues.
[4] Regarding the impoundments that gave rise to All Around Underground, we said the officers lacked necessary discretion. "Since WAC 204-96-010 divests officers of all discretion on whether to impound a particular vehicle, the officer who impounded All Around's van cannot have reasonably exercised discretion he did not have." All Around Underground, 148 Wash.2d at 150 n. 2, 60 P.3d 53.
[5] For individual WSP officers, the inapplicability of this section to this case does not necessarily expose them to liability. Insofar as they had no discretion under the mandate to impound, they are not individually liable.
[1] The State Patrol has not emphasized propriety of the class certification and instead seeks a ruling that a conversion claim in any form is precluded as a matter of law. Nonetheless, the issue of the propriety of a class action should be decided at this time to serve the interests of judicial efficiency and savings in time and costs to the parties. See RAP 1.2(c). On this record the court can readily determine that a class action is improper.
[2] Each of the consolidated cases decided in Impoundment of Chevrolet Truck, 148 Wash.2d 145, 60 P.3d 53, began with such a hearing.
[3] If impoundment results from an alleged violation of RCW 46.20.342 or RCW 46.20.345 and the impoundment is determined to be improper, then the law enforcement officer who directed impoundment and his or her government employer will not be liable for damages if the officer relied in good faith and without gross negligence on the records of the Department of Licensing. RCW 46.55.120(3)(e).